Henry Epstein, J.
This motion presents a novel situation and one apparently of first impression. This suit is in negligence. Others, in addition to these plaintiffs, were injured in a two-car collision in the State of Virginia. At least one other party, in audition to the defendant, appears to have been a joint tort-feasor. All the parties to this action are residents of the State of New York. These plaintiffs executed and delivered to another, not a party to this action, general releases in the sums, respectively, $1,000 and $7,500. Those releases contain the customary reservation of rights against others than the party thus released. The releases were prepared by attorneys of New York, who, no doubt, addressed themselves to the transaction in the light of their knowledge of the New York law.
This motion is brought by defendant for summary judgment dismissing the complaint and based on the defense of general release. The contention is that with respect to this tort arising in the State of Virginia the laws of that State control and pursuant to those laws the general releases which were given are considered absolute despite the reservation and that the release of one joint tort-feasor releases the other.
I am inclined to agree that this is a matter of substance and must therefore be governed by the law of the situs of the tort. Plaintiff endeavors to equate the situation here with contractual rights and obligations as though the giving of the release for consideration is a transaction independent of the tort. It seems to me rather that the release goes merely to the right to maintain the action, has not extinguished the wrong, but merely acts as a bar and so it remains the substantive right that is challenged to the extent that the right is no longer enforcible. Certainly the lack of a right to enforce is not a remedy, but the very denial *335 of a remedy. Further, it seems to me logical that it must be the substance that is involved since the right to enforce may be revived by appropriate writing.
In Shaw v. Crissey (182 Misc. 27) where an instrument constituting a general release was also involved, the court considered the question whether the document was a covenant not to sue or a general release which would have different results and came to the conclusion that the document was a general release and when thus given to the railroad had also exonerated the doctor against whom the action was brought. The statement contained on page 29 of that case is significant: “ There is force in the defendant’s argument that plaintiff’s mistake as to the legal consequences of his act in signing the paper in question would not be sufficient to justify reformation.”
The motion to dismiss is granted.