**BUDGET DRESS CORP., Plaintiff,**

v.

**INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL–CIO, and David Dubinsky, individually and as President of said Union, Dressmakers' Joint Council, composed of Joint Board of Dress and Waistmakers' Union of Greater New York and its Constituent Locals, and Charles S. Zimmmerman, individually and as General Manager of the Joint Board of Dress and Waistmakers' Union of Greater New York, Joint Board of Dress and Waistmakers' Union of Greater New York, by Charles S. Zimmerman, Julius Hochman, and Nathaniel M. Minkoff, as the Managers and Officers thereof, the Popular Priced Dress Manufacturers' Group, Inc., and Louis Rubin, individually and as its Executive Chairman and Director, United Popular Dress Manufacturers' Association, Inc., and Nat Boriskin, individually and as its Executive Director, and Harry Uviller, Defendants.**

United States District Court
S. D. New York.
Dec. 23, 1959.

Fellner & Rovins, New York City, for plaintiff (Morris J. Fellner and Leonard W. Wagman, New York City, of counsel).

Morris P. Glushien, New York City, for defendants International Ladies' Garment Workers' Union and Dubinsky.

Schlesinger & Bloom, New York City, for defendants Joint Board, Zimmerman, Minkoff and Hochman (Emil Schlesinger and Max Bloom, New York City, of counsel).

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants the Popular Priced Dress Manufacturers' Group, Inc., and Louis Rubin (Charles Ballon, Raoul H. Gersten, New York City, of counsel).

Shapiro & Schlissel, New York City, for defendants United Popular and Boriskin (Abraham Shapiro, New York City, of counsel).

Milton J. Levy, New York City, for defendant Uviller.

RYAN, Chief Judge.

Plaintiff moves, pursuant to Rule 12(f) of the Rules of Civil Procedure, 28 U.S.C.A., "to strike as much of the answers of the defendants herein, as the same are insufficient, redundant, immaterial, impertinent and scandalous."

The complaint alleges that certain acts of the defendants constitute a conspiracy in restraint of trade in violation of the Sherman and Clayton Acts. Plaintiff seeks an injunction and a money judgment for treble damages in the sum of $1,050,000.

The essential facts in this controversy are set forth in our earlier opinion denying plaintiff's motion for an injunction *pendente lite* in the companion action Budget Dress Corp. v. Joint Board, etc., D.C., 178 F.Supp. 699.

Counsel for defendants contend that plaintiff's motion is a broadside attack on all the allegations in the answers of all the defendants and does not comply with the requirement of particularity set forth in Rule 7(b) (1).

We agree. However, as we have earlier indicated (Cf. our memorandum concerning an identical motion in the companion suit), the history of this suit is such as to persuade us to dispose of the plaintiff's motion on its merits. In the instant case the ends of justice will best be served by not following the otherwise applicable holdings of Sachs et al. v. Ohio National Life Insurance Co., D.C., 2 F.R.D. 348, and Steingut v. National City Bank, D.C., 36 F.Supp. 486.

■ Motions to strike are not looked upon with favor and should not be granted, even though the averments complained of are literally within the provisions of Rule 12(f), in the absence of a showing that they have no relation to the controversy or are clearly prejudicial to the movant (De Belaieff v. Moulton, D.C., 17 F.R.D. 207; Russo v. Merck & Co., D.C., 138 F.Supp. 147).

■ A motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law (O'Reilly v. Curtis Publishing Co., D.C., 22 F.Supp. 359, at page 361; Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C., 80 F.Supp. 800, at page 803; Burke v. Mesta Machine Co., D.C., 5 F.R.D. 134; 1 Barron & Holtzoff, Federal Practice and Procedure § 368, p. 750) and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits (Smith v. Piper Aircraft Corporation, D.C., 18 F.R.D. 169).

■ Joint Board's thirteenth defense and International's twelfth defense are essentially identical and must be stricken on the grounds that they are scandalous and legally insufficient.

They are scandalous in that they allege, with gruesome and evidentiary detail, various conspiracies between plaintiff and several elements of the underworld, characterized in these defenses as "strong arm men" and "racketeers".

■ Rule 8(e) demands conciseness in pleading. Courts will not permit a party to use his pleadings as a dumping ground for that evidence which he may not otherwise be able to present to the trier of the facts.

■ These allegations, viewed in the most favorable light, attempt to interpose the equitable defense of unclean hands. However, as we have earlier said:

"[I]f plaintiff had been a victim of defendant's unlawful practices the fact that it had also been guilty of illegal conduct would not immunize defendant against liability. The antitrust laws are more concerned with the injury to the public than

they are with the morals of the private litigants." (Affiliated Music Enterprises v. Sesac, Inc., D.C., 160 F.Supp. 865, at page 876, citing Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; Trebuhs Realty Co. v. News Syndicate Co., D. C., 107 F.Supp. 595).

Accordingly, these defenses are stricken.

In its memoranda, plaintiff does direct some of its attack against paragraphs 18 to 36 of Joint Board's answer. These paragraphs present the Court with historical data concerning the nature and operation of the dress industry in the New York area. Joint Board submits this material in explanation of the motive for the activities of which plaintiff complains.

Courts have continuously removed such matter from pleadings as fruitless archeology. However, such material has become customary in antitrust actions (Cf. Garbose v. George A. Giles Co. [no opinion for publication], Civ. No. 7838, D.C.Mass., 1949, Wyzanski, J.). Such allegations have been found to be of great value in the handling of antitrust cases (Cf. Hon. Charles E. Clark, Special Pleading in the "Big Case", 21 F.R.D. 45, 49), and are relevant to the question of motive (Cf. Milgram v. Loew's Inc., 3 Cir., 192 F.2d 579, 585).

Examples of this type of pleading have been criticized or stricken where their breadth would have resulted in a correspondingly broad discovery (Cf. Hon. Archie O. Dawson, The Place of the Pleading in a Proper Definition of the "Big Case", 23 F.R.D. 430), where they contained characterizations prejudicial to the adverse party (Metropolitan Theatre Co. v. Warner Brothers Pictures, Inc., D.C., 12 F.R.D. 516) or where the historical data dealt with the entire nation and the alleged conspiracy was local in nature (New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, D.C., 16 F.R.D. 203; Maple Drive-In Theatre Corporation v. Radio-Keith-Orpheum Corporation, D.C., 17 F.R.D. 226).

■ The paragraphs which plaintiff seeks to have stricken from Joint Board's answer contain no characterizations which may be deemed prejudical to the plaintiff. The historical material contained therein is limited to the dress industry in the New York area, thereby conforming to plaintiff's choice of geography. Apart from depriving Joint Board of the opportunity of submitting any evidence on the question of its motive, nothing would be accomplished by striking these paragraphs.

Accordingly, except as to Joint Board's thirteenth defense and International's twelfth defense, plaintiff's motion is denied.

So ordered.