**Marie Z. GARLOCK and Robert A. Garlock, Plaintiffs,**

v.

**NEW YORK TREE SAVERS, INC., Defendant.**

**Civ. 8453.**

United States District Court
W. D. New York.

Nov. 15, 1961.

---

24. 5 Cir., 261 F.2d 428.

25. 7 Cir., 107 F.2d 548.

26. D.C., 126 F.Supp. 850.

27. 2 Cir., 268 F.2d 522, 524.

28. 268 F.2d at 524.

Sigmund Schwartz, Buffalo, N. Y., and Edward J. Skeens, Washington, D. C., for plaintiffs.

Gibbons, Pottle, O'Shea & Adamson, Buffalo, N. Y. (Philip O'Shea, Buffalo, N. Y., of Counsel), for defendant.

HENDERSON, District Judge.

██ The defendant has pleaded, as part of its answer, an affirmative defense of the bar of an allegedly general release given by plaintiff wife to plaintiff husband prior to the commencement of this action. The release was given in consideration of $6,000, paid to the wife by the husband's liability insurer. In pleading the defense, defendant relies upon the general rule that the release of one joint-tortfeasor releases other joint-tortfeasors in the absence of a specific reservation in the release. Lucio v. Curran, 2 N.Y.2d 157, 162, 157 N.Y.S.2d 948, 952, 139 N.E. 2d 133 (1956). The cause of action (for negligence) arose in New York, while the release was executed (after the accident here in suit) in the District of Columbia.[1]

Plaintiffs have moved to strike the affirmative defense as insufficient in law. They contend that District of Columbia law controls, but that under either District of Columbia or New York law plaintiff husband was not a joint-tortfeasor with defendant, making the general rule referred to inapplicable.

██ The determination of which law governs the effect of the alleged release upon this action must be made under

1. Plaintiffs included the following paragraph in their brief.

"It is hereby stipulated that the release * * * was executed on April 21, 1959, within the District of Columbia * * * by Marie Z. Garlock, in favor of her husband, Robert A. Garlock, in consideration of the sum of $6,000.00 paid by Nationwide Insurance Company, the husband's insurer; that the sum of $6,000.00 was received by Marie Z. Garlock on April 24, 1959; that the release and consideration therefor refers to the claims made by each plaintiff against the defendant herein; that the claims are based on causes of action arising under the laws of New York due to an auto collision occurring on November 10, 1959, in Yates County."

the conflicts rules of the State of New York in which this court sits. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under the New York conflicts decisions, it seems clear that the internal law of New York governs the question of the bar of a release given for an existing cause of action, which—as in this case—both arises and is being tried in this state. De Bono v. Bittner, 13 Misc.2d 333, 178 N.Y.S.2d 419 (S.Ct.1958), aff'd 10 A.D.2d 556, 196 N.Y.S.2d 595 (1st Dep't 1960). Cf. Kam v. Blank, 23 Misc.2d 951, 199 N.Y.S.2d 760 (App.Term 1960), appeal denied 10 A.D.2d 969, 202 N.Y.S.2d 251 (2d Dep't 1960).

Prior to 1937, it was well-settled in New York that suits could not be maintained between spouses in situations such as that here present, and that a purported release by one spouse of her rights against the other, being in law a nullity, would not exonerate alleged joint-tortfeasors of the other spouse. Lindley v. Cusson, 22 N.Y.S.2d 518 (S.Ct.1940). Section 57 of the Domestic Relations Law, McKinney's Consol.Laws, c. 14, enacted in 1937, expressly changed the law by granting a right of action to a wife for a tort committed by her husband. The giving of a release by a wife—possessed of a complete cause of action against her husband by virtue of the statutory change—is no longer a nullity. Cf. Lindley v. Cusson, supra. There appears to be no ground for holding that a husband may be a "tortfeasor" as to his wife and liable as such to pay damages, but that he cannot be a "joint-tortfeasor" with another whose act contributes to the wife's injury, with the usual consequences flowing from such status.

In their brief, plaintiffs adverted to the alternative contention that plaintiff husband was not negligent at the time of the occurrence and, not being liable as a tortfeasor, cannot be considered a joint-tortfeasor with the defendant in this action. Argument has not been presented on this issue. Its resolution should await the trial in any event, inasmuch as the contention rests upon assertions of fact. No opinion on the validity of this argument is expressed by this decision.

A motion to strike an affirmative defense is not granted unless clearly warranted. Rosenblatt v. United Air Lines, Inc., 21 F.R.D. 110 (S.D.N.Y. 1957). Defendant's asserted defense presents at the least a substantial question of law. Plaintiffs' motion is accordingly denied. So ordered.