LEONARD ARDIETA, Appellant, *v.* EDWARD J. YOUNG, Defendant, and ISABEL L. YOUNG, Respondent.

Fourth Department, January 15, 1965.

*Charles P. Maloney* and *Bernard Garfinkel* for appellant.

*Reilly, McLouth, Lines & Wilkens* (*Stanley A. Gordon* of counsel), for respondent.

*Per Curiam.* The question presented is whether a release to one party involved in an Ontario accident, who would have been a tort-feasor jointly with the New York State defendants in the present case had the accident occurred in New York, released the present defendants. The plaintiff was a passenger in the automobile of the defendants when an accident occurred, which also involved an Ontario motorist. Plaintiff sued the driver of the Ontario car in Ontario and, on the recommendation of Ontario counsel, a settlement was effected during the pendency of the suit and a release was given. In addition to the usual clauses the release contained an agreement by the plaintiff not to make any claim or take any proceedings against any other person or corporation who might under the provisions of any statute claim contribution or indemnity from the person released.

The plaintiff had started the present action in New York State against the defendants, the owner and operator of the car in which he was riding, before the release was given. He would have been precluded from bringing an action against his operator in Ontario because of the Ontario guest statute. However, under the doctrine of *Babcock* v. *Jackson* (12 N Y 2d 473) it seems clear that the present cause of action can be entertained by the courts of this State. Both the plaintiff and the

defendants were residents of the State of New York, the trip both originated and was expected to terminate in New York, and the automobile in which they were traveling was licensed in New York State. Although it is unnecessary for us to pass upon this specific question at this time, we simply mention it by way of background and surrounding circumstances.

In the present action the defendants set up an affirmative defense and moved for summary judgment, claiming that the release of the Ontario driver also released the claim against them. This raises the further question of whether the law of Ontario or the law of the forum applies as to the effect of the release. If the law of New York applies, it is clear that the defendants have been released. If, on the other hand, the law of Ontario applies, then it seems equally clear that the defense of release is ineffective and insufficient in law.

Under Ontario law the defendants and the Ontario driver, inasmuch as they did not act in concert, were not "joint tort-feasors" as that term is construed in this State, but rather they were merely "concurrent tort-feasors". (*Reaney* v. *National Trust Co.,* 42 D. L. R. 2d 703 [Ontario High Court, 1964]; The Koursk [1924] Prob. p. 140 [Probate Division Law Reports]; 21 Canadian Encyclopedic Digest [Ontario], Torts, § 7, p. 20.) In Ontario the release of a concurrent tort-feasor who has not satisfied the entire claim of the plaintiff does not operate to release another whose negligence concurred to produce the injury. (Cf. *Reaney* v. *National Trust Co., supra.*) It appears that in the Ontario action against the Ontario driver the negligence of the present defendants would be taken into account in assessing the extent of the damages for which the Ontario defendant would be responsible. (Revised Statutes of Ontario, 1960, ch. 261, § 2, subd. [2].) Inasmuch as the Ontario defendant would be precluded by the Ontario guest statute (*ibid.*) from seeking contribution or indemnity from the plaintiff's owner or operator, the present defendants, it is clear that the release given in settlement of the Ontario action was not intended to extinguish plaintiff's entire claim nor did it have that effect.

We look therefore to the legal philosophy underlying *Babcock* v. *Jackson* (*supra*) and *Auten* v. *Auten* (308 N. Y. 155) to determine whether the law of the State of New York or of the Province of Ontario governs the legal effect of the release. As we have indicated, the action was instituted in Ontario through Ontario barristers and solicitors, and during its pendency a settlement was effected with the Ontario defendant and his insurance carrier. A stipulation was entered into between

Ontario counsel for both sides and upon this settlement the action was ordered dismissed by the Ontario court. The release was prepared in Ontario, signed, and acknowledged in New York State in accordance with the directions of the Ontario counsel. It was returned to counsel in Ontario where it was delivered to the Ontario defendant, the proceeds of the settlement paid, the legal fees deducted, and then the remainder was remitted to the plaintiff in New York State. In view of the predominance of the Ontario contacts the theory of *Babcock* v. *Jackson* requires that the law of Ontario be applied to the release. Moreover, it has been held that the law of the place of the tort governs the effect of a release even if it is executed in another State and valid according to the laws of that State. (*De Bono* v. *Bittner*, 13 Misc 2d 333, affd. 10 A D 2d 556.)

There being only a question of law and no factual dispute the decision of the Special Term should be reversed and the defense of release should be stricken from the answer. (CPLR 3212, subd. [b].)

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Judgment and order unanimously reversed on the law, with costs, and defendant's motion for summary judgment denied and the defense of release stricken from the answer in accordance with the opinion.