William Kapelman, J.
This motion to dismiss the complaint pursuant to CPLR 3211 is denied. It is alleged by plaintiff and not disputed by defendant that the plaintiff is a resident of the State of New Jersey and that she was a passenger in a car owned by a New Jersey resident and operated by another resident of that State when an automobile accident occurred in the State of New York. The plaintiff sued the owner and operator of the host vehicle in the State of New Jersey and thereafter executed a general release in favor of the said owner,, operator, and their insurance carrier, settling the action in that State. The general release ivas prepared, executed and delivered in the State of New Jersey and it appears that under the law of that State this release did not operate as a release of a joint tortfeasor. The defendant urges that the law of the State of New York applies where by the release of the one tort-feasor without reservation releases all joint tort-feasors. Reliance is placed upon De Bono v. Bittner (13 Misc 2d 333, affd. 10 A D 2d 556) in support thereof. That decision was made prior to Babcock v. Jackson (12 N Y 2d 473), and we do not deem it applicable herein.
De Bono holds that the law of the place of the tort governs the effect of a release even if it is executed in another State and valid according to the laws of that State. However, the law as to which jurisdiction governs the effect of a release where the tort occurs in a State other than the place of the execution of the release, has evolved in a more sophisticated fashion since the De Bono holding by reason of Babcock. Whether or not the giving of a release in a tort case involved a question of conflict of laws in a matter of contract or of the underlying tort liability, a consideration which concerned-the court in De Bono, now becomes academic in Babcock. Auten v. Auten (308 N. Y. 155) applied the ‘ ‘ center of gravity’-’ or “ groupings of contacts ” theory to contract actions and-there *470 after Babcock extended it to torts. In Ardieta v. Young (22 A D 2d 349) the court applied the doctrine that the predominance of contacts in the foreign jurisdiction requires that the law of that forum is applicable to the general release. There as here the action Avas instituted in a foreign jurisdiction through attorneys of that jurisdiction, a settlement was effected there, and releases were prepared, executed and exchanged there. This action is only distinguishable from that ease by the fact that the place where the accident occurred in this action is not the place where the general release Avas executed as is the situation in Ardieta. HoAvever, this distinction is not sufficient to require the application of the law of this State to that general release, for the- reason that the preponderance of contacts between the parties to the New Jersey action was in that State and the Mays of that State are applicable thereto.