**DUNBAR & SULLIVAN DREDGING CO.,**
Plaintiff-Appellee,

v.

**JOHN R. JURGENSEN CO. and the American Insurance Company,**
Defendants-Appellants,

and

**Roy McGovney, d.b.a. Roy McGovney Construction Company,** Defendant-Appellee.

No. 18171.

United States Court of Appeals
Sixth Circuit.

June 12, 1968.

R. Edward Tepe, Cincinnati, Ohio, for defendants-appellants, Benjamin & Faulkner, David P. Faulkner, Cincinnati, Ohio, on the brief.

James J. Ryan, Cincinnati, Ohio, for plaintiff-appellee, Steer, Strauss, White & Tobias, Paul W. Steer, Cincinnati, Ohio, on the brief.

Louis A. Ginocchio, Cincinnati, Ohio, for defendant-appellee.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an interlocutory appeal (Section 1292(b), Title 28, U.S.C.) involving procedural questions arising under the Federal Rules of Civil Procedure. John R. Jurgensen Company and The American Insurance Company, defendants-appellants, appeal from an order of the United States District Court for the Southern District of Ohio dismissing a cross claim of Jurgensen against defendant-appellee, Roy McGovney, d.b.a. Roy McGovney Construction Company.

Jurgensen as general contractor had a contract with the State of Ohio for the construction of a section of highway near Cincinnati, Ohio. This action was

brought in the District Court by Dunbar & Sullivan Dredging Company, a subcontractor of Jurgensen, against Jurgensen to recover money alleged to be due and unpaid on the contract. Jurgensen answered and filed a counterclaim against Dunbar. Jurgensen then sought, without leave of court, to bring McGovney, also a subcontractor of Jurgensen on the same job, into the action and filed a cross claim against him. McGovney answered and challenged the jurisdiction of the court to hear the cross claim. Jurgensen moved to strike the jurisdictional defenses and for leave to make McGovney a party defendant. The district judge in a comprehensive opinion denied the motion and subsequently dismissed the cross claim.

Jurisdiction in the original action was invoked by reason of diversity of citizenship. (Section 1332(a) (3), Title 28, U.S.C.) There was no diversity of citizenship between Jurgensen and McGovney, Jurgensen being an Ohio corporation and McGovney a resident of Ohio. In view of this lack of diversity, jurisdiction over McGovney would have to rest on ancillary jurisdiction. Where a cross claim is ancillary to the principal action it need not be supported by independent jurisdictional grounds. We agree with the trial judge that as to McGovney the claim of Jurgensen is not ancillary.

The facts are fully stated in the opinion of the trial judge under the title Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co., 44 F.R.D. 467 and for the reasons stated therein and in the order of dismissal of the cross claim we affirm the judgment of the District Court.

There is an additional reason why the judgment of the District Court should be affirmed. A careful reading of the so called cross claim shows that Jurgensen states no claim at all against McGovney. He seeks only to force McGovney to litigate his claim against Jurgensen in the within action in the District Court.

Affirmed.