CARTER–WALLACE, INC., Plaintiff,

v.

RIVERTON LABORATORIES, INC.,
Defendant.

Civ. A. No. 65–4.

United States District Court
S. D. New York.

Feb. 5, 1969.

See also, D.C., 304 F.Supp. 357.

The case at bar[3] is a suit for infringement of United States Patent No. 2,724,720 against the defendant based upon its alleged manufacture and sale of a pharmaceutical compound useful as an anti-convulsant and possessing depressant properties in the central nervous system. The patent was issued to plaintiff upon the application of Frank M. Berger and Bernard J. Ludwig and plaintiff is the owner of said patent. Defendant has conceded its infringement of the patent in question should the Court find the patent to be valid and enforceable.[4] The defenses which plaintiff seeks to have stricken relate to allegations concerning the validity of the patent, and its enforceability against this defendant.

The standards applicable on a motion to strike must be considered initially for they define the areas in which the Court may determine any questions of law on the merits. Motions of this type are not favored[5] and may only be granted if the insufficiency of the defenses is clearly apparent.[6] The standards have been stated in a variety of ways. "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."[7], or as the court stated in *Budget Dress Corp. v. International Ladies' Garment Workers' Union*, 25 F.R.D. 506, 508 (S.D.N.Y.1959):

A motion to strike for insufficiency was never intended to furnish an op-

Morgan, Finnegan, Durham & Pine, New York City, for plaintiff; George B. Finnegan, Jr., John D. Foley, William D. Denson and William C. Sigerson, New York City, of counsel.

John P. Chandler, New York City, for defendant; Zachary T. Wobensmith, 2nd, Zachary T. Wobensmith, III, Philadelphia, Pa., of counsel.

CANNELLA, District Judge.

Motion by the plaintiff, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure[1] to strike paragraphs 13 through 18 of defendant's amended answer as insufficient in law, is denied.[2]

1. Rule 12(f) states in pertinent part, "Upon motion * * * the court may order stricken from any pleading any insufficient defense * * *."

2. Although the moving party did not state the applicable provision of the Federal Rules of Civil Procedure *which would* permit the court to grant the requested relief, it is clear from the moving papers that plaintiff's claim of insufficiency falls within Rule 12(f).

3. The case is presently before this Court for trial without a jury.

4. Pre-Trial Order, Paragraph 3A(vi).

5. *Budget Dress Corp. v. International Ladies' Garment Workers' Union*, 25 F.R.D. 506 (S.D.N.Y.1959); Wright on Federal Courts ¶ 66 at 241 (1963).

6. *Garlock v. New York Tree Savers, Inc.*, 199 F.Supp. 59 (W.D.N.Y.1961).

7. 2A Moore, Federal Practice ¶ 12.21 at 2437 (2d ed. 1962).

portunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits (citations omitted).

It is clear, that if there are either questions of fact or disputed questions of law,[8] the motion must be denied.[9] For the plaintiff to succeed on this motion, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. In examining the defenses, the Court must accept the matters well pleaded as true[10] and should not consider matters contained outside the pleadings.[11] These narrow standards are designed to provide a party the opportunity to *prove* his allegations if there is the possibility that his defense or defenses may succeed after a full hearing on the merits.

█ The keystone defense which is alleged in the amended answer asserts the invalidity and unenforceability of plaintiff's patent due to a claimed fraud on the Commissioner of Patents in the procurement of the patent. Paragraph 13 of the amended answer details certain allegations, which will be discussed individually, while paragraph 14 complements it with broad characterizations of fraud serving to explain and frame

the material contained in paragraph 13. Defendant has alleged that the patentees "represented to the Commissioner of Patents alleged beneficial effects [of the compound] based on insufficient and inconclusive tests on animals other than human beings."[12] It further alleges that these representations were false, made with knowledge that they were false, with intent to deceive the Commissioner and were relied upon by the Commissioner in issuing the patent to the patentees.[13] If these allegations of deliberate misrepresentations can be proven, the patent would be unenforceable against the defendant. As the Supreme Court stated in Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 176, 86 S.Ct. 347, 350, 15 L.Ed.2d 247 (1965), "Under the decisions of this Court, a person sued for infringement may challenge the validity of the patent on various grounds, including fraudulent procurement." Clearly, if defendant can prove "fraudulent procurement" of the patent, the invalidity of the patent can be established with resulting unenforceability as against this defendant.[14] Since the parties do not agree on either the conclusion that fraud was present, or on the relevant underlying facts, this Court cannot make a determination that the defense of fraud is insufficient as a matter of law. Certainly the question of affirmative misrepresentations cannot be

8. Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962) ; MacEwen v. Star-Kist Foods, Inc., 251 F.Supp. 33 (E.D.N.Y.1966) ; Shenandoah Life Insurance Co. v. Hawes, 37 F.R.D. 526 (E. D.N.C.1965) ; United Artists Associated, Inc. v. NWL Corporation, 198 F.Supp. 953 (S.D.N.Y.1961).

9. Of course, the disputed questions of law must be substantial.

10. Dunbar & Sullivan Dredging Co. v. Jurgensen Co., 44 F.R.D. 467 (S.D.Ohio, W.D.1967) ; Occidental Life Insurance Company of California v. Fried, 245 F. Supp. 211 (D.Conn.1965).

11. Ciprari v. Servicos Aereos Cruzeiro, 245 F.Supp. 819 (S.D.N.Y.1965).

12. Amended Answer, Paragraph 13.

13. Amended Answer, Paragraph 14.

14. This is not to imply that the resultant finding of invalidity would result in an annulment of the patent by this Court. Defendant has not commenced an affirmative action for such relief, but has interposed the allegations of fraud as a defense to enforcement of the patent rights. *See* Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945).

decided at this juncture and must be left for a hearing on the merits.[15]

■ The other prong of the fraud defense alleges that the patentees failed to provide certain information to the Commissioner of Patents at the time the application for a patent was pending.

Paragraph 13 alleges that the patentees practiced a fraud on the Commissioner of Patents in that knowing that the patented material was intended for use on human beings, the patentees failed to conduct adequate, or any, tests on human beings to ascertain the harmful effects on human beings of the material claimed, and failed to present to the Commissioner of Patents the harmful effects on human beings of the patented material * * *.

Two assertions are contained in the portion of the defense quoted. Initially defendant contends that a fraud was perpetrated by a failure to conduct tests of the compound on human beings, and, secondly, that the "harmful effects" of the patented material were withheld from the Commissioner of Patents.[16] While it may be argued that the revelation of any harmful effects of the patented material bears no relation to a determination of the patentability of the material[17], nevertheless, if it can be established that a withholding of such information was part of a scheme or plan to defraud the Commissioner of Patents,

such evidence would have probative value. Viewed in accordance with the standards which the Court must apply on this type of motion, the allegations of a withholding of acquired information by the patentees must be retained and later determined.

■■ The allegation that the patentees failed to conduct any, or adequate, tests upon human beings prior to submission of the application for the patent, rests upon a different principle.[18] In effect, defendant has asserted that the patentees had a duty to perform experimentation upon human beings and that a valid patent could not issue without sufficient testing of this nature. Needless to say, plaintiff vigorously disagrees. For a patent to issue, there must be a showing of the utility of the patented material as well as a statement setting forth "the best mode contemplated by the inventor of carrying out his invention."[19] The question of the sufficiency of tests on animals where the contemplated use is to be for human beings, was presented to the Court of Custom and Patent Appeals in a series of cases.[20] The Court passed upon the problem of utility and best mode and, in substance, found that the requirements of the statute were met by the proferring of tests made only upon experimental laboratory animals other than human beings. The question before this Court on the instant motion is whether the holdings of the Court of Custom and

---

15. Obviously the Court expresses no opinion on the merits of the allegation since no evidence has been taken.

16. These contentions are somewhat amplified in the Pre-Trial Order wherein defendant claims that the patentees were "negligent" in their failure to conduct such tests or submit any tests made and that the patentees "suppressed" the results of tests which had been made. (Paragraph 3C(i)).

17. Plaintiff asserts that the question of the safety of the patented material only comes within the province of the Food and Drug Administration at such time as the patentees attempt to distribute the

patented material for use by human beings.

18. While the defenses asserted may be considered inconsistent, this of course is not a defect. Rule 8(e)(2) of the Federal Rules of Civil Procedure.

19. 35 U.S.C. § 112 (1952).

20. Application of Hartop, 311 F.2d 249, 50 CCPA 780 (1962); Application of Dodson, 292 F.2d 943, 48 CCPA 1125 (1961); Application of Krimmel, 292 F. 2d 948, 48 CCPA 1116 (1961); Application of Bergel, 292 F.2d 955, 48 CCPA 1102 (1961). See Application of Hitchings, 342 F.2d 80, 52 CCPA 1141 (1965).

Patent Appeals in those cases is so clearly the established law that the application to strike may be granted. In Brenner v. Manson, 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69 (1966), the Supreme Court decided, for the first time, that the court possessed jurisdiction to review, upon petition for certiorari, decisions of the Court of Customs and Patent Appeals.[21] In addition, the Court expressed no opinion on the efficacy of the holdings in the series of cases before the Court of Custom and Patent Appeals. The Court stated:

> In light of our disposition of the case, we express no view as to the patentability of a process whose sole demonstrated utility is to yield a product shown to inhibit the growth of tumors in laboratory animals.[22]

Since neither party to the case at bar asserts that the determination of the patent examiner is binding upon this Court and since the standards of utility and best mode in this case may require reevaluation in light of *Brenner,* this Court deems this to be a disputed question of law. Applying the standards which the Court must, the motion to strike the allegations of the amended answer in this regard is denied.[23]

■ The allegations of paragraph 15 of the amended answer assert that plaintiff has made misleading representations to the public on the alleged beneficial effects of the patented material and has withheld information as to the alleged harmful effects of the substance. These allegations bring into play the concepts of misuse of the patent privilege and the defense of unclean hands.[24] To determine if the defense in this area will succeed would be difficult at best without hearing evidence on this point. The pleadings are insufficient to establish whether or not the plaintiff's conduct rises to the level of misuse of the patent privilege,[25] or unclean hands,[26] or if the matters are so interrelated as to make either standard nonexclusive. The Court finds that these defenses can better be determined after a hearing on the merits.[27]

■ The allegations of paragraphs 16, 17 and 18 need not be detailed to establish the grounds for denying plaintiff's motion to strike these allegations. For they allege, in substance, that plaintiff has used its patent to lessen competition in sales of tranquilizers to agencies of the United States Government [28] and others, and that due to the "breadth of claims granted in the patent",[29] plaintiff has both lessened competition and dominated the market with a resulting monopoly of the trade. The sufficiency of these defenses can only be determined after the question of the validity of plaintiff's patent is resolved. For if the patent is found to be invalid by virtue of its fraudulent procurement, this would be "sufficient to strip [the patentee] of its exemption from the antitrust laws." Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp., 383 U.S. at 177, 86 S.Ct. 347, at 350. In view of the Court's disposition of the motion to strike those defenses which assert a fraudulent procurement of the patent, the propriety of these de-

21. The decisions noted in footnote 20 were thus not reviewed by the Supreme Court.

22. 383 U.S. at 531, 86 S.Ct. at 1040, n. 17.

23. See cases cited in footnote 8.

24. The alleged instances of misleading statements are detailed in Paragraph 3C (ii) of the Pre-Trial Order.

25. *See* Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944).

26. *See* Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293 (1933); Buono v. Yankee Maid Dress Corp., 77 F.2d 274 (2d Cir. 1935).

27. Budget Dress Corp. v. International Ladies Garment Workers' Union, *supra.*

28. See 28 U.S.C. § 1498 (as amended 1951).

29. See Amended Answer, Paragraphs 17 and 18.

fenses must be determined after a hearing on the merits.

For the reasons stated above, the motion to strike is denied.

So ordered.