Clyde B. WATSON
v.
APEX RAILWAY PRODUCTS COM-
PANY et al.

Mrs. Sarah S. WATSON
v.
APEX RAILWAY PRODUCTS COM-
PANY et al.

Civ. A. Nos. 15501 and 15502.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 19, 1972.

Ross & Finch, Atlanta, Ga., for plaintiffs.

Gambrell, Russell, Killorin, Wade & Forbes, Atlanta, Ga., for Trailer Train.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Central of Ga. Railway Co.

Lokey & Bowden, Atlanta, Ga., for Apex Railway and A. O. Smith Corp.

Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for Pullman.

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for Buckeye Steel Castings Co.

Heyman & Sizemore, Atlanta, Ga., for Burlington Northern.

ORDER

O'KELLEY, District Judge.

By this action, the above-named plaintiffs seek to recover for personal injuries and loss of consortium resulting from injuries sustained by the plaintiff Clyde B. Watson in April, 1970 on the premises of the Atlanta Army Depot. The plaintiffs initially brought these actions against Apex Railway Products Company, Pullman Standard Company, a division of Pullman, Inc., and A. O. Smith Corporation. Subsequently, they added as defendants Trailer Train Company (hereinafter Trailer Train), Buck-

1

eye Steel Castings Company, and Burlington Northern, Inc., successor to Chicago, Burlington and Quincy Railroads. Prior to the addition of these defendants, the plaintiffs named Central of Georgia Railway (hereinafter Central of Georgia) as a party defendant. The plaintiffs later concluded, however, that this Court lacked diversity jurisdiction over Central of Georgia and moved the Court for a voluntary dismissal of Central of Georgia. Subsequently, the Court entered an Order dismissing that defendant. Thereafter, Trailer Train sought to add Central of Georgia as a defendant in a cross-claim filed pursuant to Rule 13(h) F.R.Civ.P.[1] against several co-defendants as well as, Central of Georgia. No objection being presented by the parties, the Court allowed the addition of Central of Georgia as a defendant to the cross-claim.[2] Now the plaintiffs and Central of Georgia move the Court to drop Central of Georgia as a defendant on the grounds that the addition of Central of Georgia, a citizen of Georgia, will rob the Court of jurisdiction as there will no longer be complete diversity between plaintiffs and defendants.

The Court is of the opinion that the claim against Central of Georgia is within the ancillary jurisdiction of the Court. In general, courts have construed Rule 13(h) liberally so as to avoid multiplicity of litigation and to foster judicial economy. Dunbar & Sullivan Dredging Co. v. Jurgensen Co., 44 F.R.D. 467 (S.D.Ohio, 1967), aff'd. on other grounds 396 F.2d 152 (6th Cir. 1968); and 6 Wright and Miller, Federal Practice and Procedure § 1434. Cross-claims under this Rule have been considered as analogous to compulsory counterclaims since they arise out of the transaction or occurrence that is the subject matter of the action. Therefore, the rules regarding the ancillary jurisdiction of the Court should be the same for both kinds of claims. See Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F. R.D. 27 (1963). Since it has been held generally that a new party on a compulsory counterclaim is within the ancillary jurisdiction of the Court, a person brought into an action on a cross-claim should also be within the ancillary jurisdiction of the Court.[3] Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, *supra*; United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2d Cir. 1955); and 6 Wright and Miller, Federal Practice and Procedure § 1436; 3 J. Moore Federal Practice ¶13.39 [2d Ed.1963].

1. Rule 13(h) states:
    "Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20."

2. The Court notes that the parties in their briefs have failed to distinguish between a party defendant and a defendant in cross-claim. In the instant case, there remains complete diversity between the plaintiffs and the party defendants. As the Court views the present pleadings, the plaintiff has no right of recovery against the defendant in cross-claim, Central of Georgia as the defendant Trailer Train stands between the plaintiff and the defendant in cross-claim. Thus, the defendant in cross-claim's position is analogous to that of a third party defendant.

3. Although Rule 13(h) was rewritten in 1966, the Court is of the opinion that the analogy to the compulsory counterclaim remains valid. Thus, the 1966 revision would not overturn the principle that brings this claim under the ancillary jurisdiction of this Court. Indeed, the Advisory Committee's Note to the 1966 revision recognizes this theory. That Note states in part:

    "The amendment of Rule 13(h), like the amendment of Rule 19, does not attempt to regulate Federal jurisdiction or venue. See Rule 82. It should be noted, however, that in some situations the decisional law has recognized 'ancillary' Federal jurisdiction over counterclaims and cross-claims and 'ancillary' venue as to parties to these claims."

In the instant case, defendant Trailer Train alleges a claim for contribution and/or indemnity against certain co-defendants and Central of Georgia. Such a claim arising out of the same transaction or occurrence as the principal action should fall within the ancillary jurisdiction of this Court and be adjudicated with the original action. Therefore, the Court hereby denies the motions by the plaintiffs and Central of Georgia to drop Central of Georgia as a defendant in the cross-claim.

It is so ordered this 19th day of September, 1972.