■ In the Matter of the Arbitration between WILLIAM O. PRICE, Appellant, and STATE FARM MUTUAL INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered January 13, 1982 in Chemung County, which denied petitioner's application, pursuant to CPLR 7511, to vacate an arbitration award. Petitioner, a Florida resident, was injured in a Pennsylvania motor vehicle accident in August, 1976. At the time, he was a passenger in a car driven and owned by New York residents and insured by respondent. The policy had been issued in New York. The other vehicle involved in this head-on collision was a truck owned by Tropical Warehouse, Inc. (Tropical), a Florida corporation. In the settlement of petitioner's 1977 suit, brought against Tropical in a Federal District Court in Pennsylvania, petitioner executed a general release which covered all "suits at law or in equity, including claims or suits for contribution and for indemnity" for "all known and unknown personal injury, death, and/or property damage" suffered in the accident. Thereafter petitioner filed an application with respondent for first-party benefits under the additional personal injury protection (APIP) provision of the automobile insurance policy respondent had issued to James German, the owner of the motor vehicle. Following denial of that application, petitioner sought arbitration and on June 11, 1981, the arbitrator denied petitioner's claim in its entirety on the ground that by executing a general release without reserving respondent's subrogation rights, as was required by the APIP provision, petitioner had failed to comply with the terms of the policy. After rejecting respondent's assertions of procedural irregularities in

initiating arbitration, Special Term found the arbitrator's decision to be in accord with New York law and denied petitioner's motion to vacate the award. The only contention warranting comment is petitioner's claim that the arbitrator's decision should be set aside because New York law should not have been looked to in determining the impact of the Pennsylvania release. Petitioner's argument that a general release would not work to prevent collection of first-party no-fault benefits under the law of Pennsylvania is based solely upon title 40 (§ 1009.106, subd [b], par [1]) of Pennsylvania Statutes Annotated which states: "Except as otherwise provided in this section, no fault benefits shall not be denied or terminated because the victim executed a release or settlement agreement." It is urged that if benefits under an APIP provision qualify as "no-fault" benefits under this section, and there are no other impediments to recovery under Pennsylvania case law, statutes, or regulations, denial of first-party benefits to petitioner would be improper under Pennsylvania law. However, on the same facts, recovery under New York law would be barred (see *Record v Royal Globe Ins. Co.*, 83 AD2d 154, 158; *Davies v Nationwide Mut. Ins. Co.*, 99 Misc 2d 899). As this arbitration arose under subdivision 2 of section 675 of the Insurance Law, it is viewed as being compulsory in nature (*Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442, 446). Consequently, the award may be vacated if the arbitrator's decision was based on inapplicable law (*Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.*, 77 AD2d 5, 7). Given this record, Pennsylvania law should have been applied. Under the modern "grouping of contacts" approach to choice of law (see *Auten v Auten*, 308 NY 155), we are obliged to consider which jurisdiction possessed the most interest in applying its law. Special Term concluded that New York law applied because petitioner was attempting to recover under a New York insurance contract. We believe, however, that the issue to be addressed is what legal effect should be given to the release in the Pennsylvania suit. Because the release was executed in Pennsylvania to settle a Pennsylvania action, brought to recover for a Pennsylvania accident, Pennsylvania law is appropriate (see *Ardieta v Young*, 22 AD2d 349). Using that law also comports with the traditional rule that the law of the place of the tort governs the effect of a release (*De Bono v Bittner*, 13 Misc 2d 333, affd 10 AD2d 556). Furthermore, in 1976, when this accident occurred, basic benefits provided by New York State's No-Fault Law were not extended to non-New York accidents. It is not at all clear from this record whether a claim for additional first-party benefits, not statutorily mandated by New York, constitutes "no-fault benefits" under Pennsylvania's definition of that phrase and, if so, whether Pennsylvania law allows the collection of contractual no-fault benefits despite the execution of a general release. We find no merit in any of the other arguments advanced by the parties. Order reversed, on the law and the facts, with costs, application granted and arbitrator's award vacated; matter remitted to the arbitrator in order that arguments may be presented and, on the record as already compiled, a determination made regarding the validity of petitioner's claim under the law of Pennsylvania. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.