**Gerald MASTROCCHIO, Sr.**

v.

**UNNAMED SUPERVISOR SPECIAL INVEST. UNIT, George A. Vose, Jr., Albert Bucci, Donald O. Ellerthorpe.**

Civ. A. No. 93–0227L.

United States District Court,
D. Rhode Island.

Aug. 4, 1993.

Gerald Mastrocchio, Sr., pro se.

Michael B. Grant, Legal Counsel, R.I. Dept. of Corrections, Cranston, RI, for defendants.

## MEMORANDUM AND ORDER

LOVEGREEN, United States Magistrate Judge.

Before me is plaintiff's "Motion to Strike Defendants Answer." Although plaintiff does not state any Rule of Procedure on which he bases his motion, presumably he relies on F.R.Civ.P. 12(f).

Plaintiff, appearing pro se, seeks to strike as "unresponsive," all affirmative defenses in the defendants' answer including 12(b)(1) and (6) defenses and assertions of sovereign immunity and qualified immunity, good faith actions, lack of violation of plaintiff's constitutional rights, good faith fulfillment of all duties owed plaintiff and the benefit of all privileges and immunities.

*Discussion*

F.R.Civ.P. 12(f) states:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike under F.R.Civ.P. 12(f) is generally not favored. *Narragansett Tribe of Indians v. So. R.I. Land Devel.,* 418 F.Supp. 798 (D.R.I.1976). A motion to strike should be granted only where it can be shown that under no set of circumstances could the defense succeed. *Id.* at 802. The

courts have broad discretion in resolving motions to strike. *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 34 (E.D.Pa.1973).

> "Motions to strike a defense as legally insufficient are not favored and will not ordinarily be granted unless the insufficiency is 'clearly apparent', 1A Barron and Holtzoff, Federal Practice and Procedure, § 368, p. 5016 (1960). Not favored because of their dilatory character and tendency to create piecemeal litigation, motions to strike are often denied even when technically correct and well-founded. Wright and Miller, Federal Practice and Procedure, § 1381 pp. 799–800 (1969); 2A Moore Federal Practice, paragraph 12.21[2]. Thus, absent a showing of prejudice, courts are often reluctant to decide disputed and substantial questions of law. Id."

*Louisiana Sulphur Carriers, Inc. v. Gulf Resources and Chemical Corp.*, 53 F.R.D. 458, 460 (D.Del.1971).

To the contrary, "Weeding out legally insufficient defenses at an early stage of a complicated law suit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money,' in litigating issues which can be foreseen to have no bearing on the outcome." *Narragansett Tribe, supra*, at 801 citing *Purex Corp., Ltd. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Cal.1970). Whether to grant a motion to strike depends on the circumstances of each case.

In considering a motion to strike, all material factual allegations forming the basis for the defenses and all reasonable inferences drawn therefrom must be deemed admitted. *Narragansett Tribe, supra*, at 802.

In the instant case, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that in December, 1992 he was dismissed from his job in the prison library without cause and in violation of the established policy governing inmate employment procedures as well as his due process and equal protection rights.

Plaintiff has offered no basis for concluding that the affirmative defenses are "insufficient" other than his own belief. In order to grant a motion to strike an insufficient defense, there must be a finding that the defense is wholly insufficient in law and so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense. *Dunbar & Sullivan Dredging Co. v. Jurgensen Co.*, 44 F.R.D. 467 (D.Ohio 1967), affirmed, 396 F.2d 152 (6th Cir.1968). A motion to strike an insufficient defense cannot be granted unless the court is " 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.' " *Systems Corp. v. American Tel & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973) citing *Carter–Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y.1969).

This matter commenced April 27, 1993 and discovery is only now being undertaken. Courts should be reluctant at this stage to determine disputed questions of law and fact absent a showing of prejudice to the movant. *Coca Cola Company v. Howard Johnson Company*, 386 F.Supp. 330 (N.D.Ga. 1974). Plaintiff has shown no prejudice to himself if his motion is not now granted.

Lastly plaintiff has not shown and, indeed, has not argued, that the affirmative defenses are either redundant, immaterial, impertinent or scandalous matter. At this stage of the litigation they clearly are not.

*Conclusion*

For the reasons stated, plaintiff's motion to strike defendants' answer is DENIED.

So Ordered.