S. Dawud Muhammad **ALI** A/K/A **Calvin Webb**, Plaintiff,

v.

**NEW YORK CITY TRANSIT AUTHORITY, John and Jane Does 1 Through 5, and Transit Worker's Union Local 100, Defendants.**

No. 96 CV 2655(SJ).

United States District Court, E.D. New York.

Oct. 9, 1997.

69

damages against defendants New York City Transit Authority ("NYCTA"), John and Jane Does, and Transit Workers Union of Greater New York, Local 100 ("TWU"). Plaintiff now moves this court to strike the answers of defendants pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1] TWU opposes this motion and requests costs and attorney's fees for its preparation of these opposition papers. For the reasons set forth below, plaintiff's notion to strike the answers is denied and TWU's request for costs and attorney fees is denied as well.

## BACKGROUND

Ali, proceeding *pro se*, is suing defendants for constitutional violations and fraud arising from his employment as a probationary cleaner with NYCTA. NYCTA and TWU submitted their answers on January 7, 1997 and January 23, 1997, respectively. Defendants asserted the following affirmative defenses: statutes of limitations; failure to state a cause of action; unavailability of punitive damages; and lack of subject matter and personal jurisdiction. Plaintiff filed a Reply and Motion to Strike on January 27, 1997 (hereinafter "Reply") and filed an almost identical document entitled "Motion for Memorandum in support Discovery/Conference in Pleading and Answer" (hereinafter "Motion") on February 14, 1997. This court will construe both of these documents as comprising the motion to strike. TWU opposed the motion and moved for costs and attorney fees on January 30, 1997.

## DISCUSSION

*I. Plaintiff's Motion to Strike the Answers*

In his confusing and incoherent motion, Plaintiff argues that paragraphs one (1) through fourteen (14) in defendants' answers—essentially, the answers in their entirety—should be struck because they are "false" and because "it is not based on any fact of law and it is insufficient as a defense

S. Dawud Muhammad Ali, Queens, NY, Pro Se.

Martin B. Schnabel, General Counsel, New York City Transit Authority by George S. Grupsmith, Brooklyn, NY, for New York City Transit Authority.

O'Donnell, Schwartz, Glanstein & Rosen by Howard Wien, New York City, for Transport Workers, Union of Greater New York.

### MEMORANDUM AND ORDER

JOHNSON, District Judge.

Plaintiff S. Dawud Muhammad Ali ("Ali"), acting *pro se*, brought this action requesting a declaratory judgment, injunctive relief, and

---

1. Rule 12(f) provides in relevant part that upon motion made by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

and it is a frivolous answer as governed by fed. Fed.Civ.Rule 12(f) [sic]." Reply ¶ 3.

TWU argues in response that Ali's motion fails to set forth any grounds for striking the answer, that the citations to the Federal Rules, with the exception of Rule 12(f), are inapplicable to the motion, and that the defenses in the answer are supported by existing legal precedent and are sufficiently pleaded. This court agrees.

 Motions to strike under Rule 12(f) are not favored and may be granted only if the insufficiency of the defense is clearly apparent. If the defense is sufficient as a matter of law, the motion will be denied. In addition, for the plaintiff to succeed on this motion, the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. *Carter–Wallace, Inc. v. Riverton Laboratories, Inc.,* 47 F.R.D. 366, 368 (S.D.N.Y.1969).

In the instant case, defendants have pled legally sufficient defenses—such as statutes of limitations, failure to state a claim, and lack of jurisdiction. In addition, questions of both fact and law relevant to these defenses exist at this early stage of the litigation. Therefore, the defenses will not be struck from the answers.

 Second, plaintiff argues that "any immaterial impertinent, or frivolous matter under federal civ. Rule 12(f)" [sic] should be struck. Motion ¶ 1. It is well settled that in deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, the motion will be denied unless it can be shown that no evidence in support of the allegation would be admissible. *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887 (2d Cir.1976). In his motion, plaintiff has not met his burden in demonstrating to the court that matter pled in the answers would be inadmissible at trial. Plaintiff simply states with conclusory language that the immaterial and impertinent matter should be struck from the answers.

For the above stated reasons, plaintiff's motion to strike the answers is DENIED in its entirety.

## II. Defendant's Request for Costs and Attorney's Fees

 TWU moves this court for costs and attorney's fees arguing that plaintiff's motion to strike is frivolous. This court is mindful of the fact that plaintiff is acting *pro se.* It is well established that courts hold *pro se* litigants to less stringent standards in reviewing their pleadings than are attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). As the Supreme Court has explained:

> "Faithful adherence to the principles of *Haines v. Kerner* dictates that attorney's fees should rarely be awarded against such plaintiffs. The fact that a [*pro se's*] complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980).

Here, it is apparent from the language used and the writing style that Ali's motion, although frivolous, was modeled after a sample Rule 12(f) motion. There is nothing before this court to suggest that plaintiff's motion was more than a misguided attempt to respond to defendants' answers in the appropriate legal fashion. Plaintiff has not burdened the court or the defendants with numerous frivolous motions at this point in the litigation.[2] As such, awarding TWU attorney's fees would be inappropriate. Accordingly, defendant TWU's motion is DENIED.

## CONCLUSION

For the reasons stated above, both plaintiff's motion to strike and defendant TWU's

---

**2.** Indeed, TWU's answer to the motion to strike simply consisted of a two-page response opposing the allegations and citing no case law.

request for costs and attorney's fees are DENIED.

SO ORDERED.