## STEINGUT et al. v. NATIONAL CITY BANK OF NEW YORK.

### No. 1607.

District Court, E. D. New York.

Jan. 10, 1941.

Natanson, Pack & Scholer, of New York City (Joseph Day Lee, of New York City, of counsel), for plaintiffs.

Shearman & Sterling and McClellan & Shrewsbury, all of New York City (MacIlburne Voorhies, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion "for an order remanding this cause to said Supreme Court".

Although the plaintiffs had due notice of defendant's objection to the form of the notice of motion, nothing has been done by them to correct it. The notice of motion does not comply with Rule 7 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

Under Rule 7, Subdivision (b) 1, of the Federal Rules of Civil Procedure the moving party "shall state with particularity the grounds therefor" of the motion. The requirement of this rule causing the moving party to state "with particularity the grounds therefor" was not intended to be a matter of form but was real and substantial. The court would ordinarily excuse the failure to comply with this rule if it were inadvertent, but such is not the case ·here. There should be strict compliance with the rules, otherwise they will be whittled away and become meaningless and unenforceable.

It would have been quite simple for the plaintiffs to state with particularity the grounds of the motion. Defendant gave due notice of its objection to the form of the notice of motion. Plaintiffs had ample opportunity to correct it and have not done so up to the present time, but merely argue ·its sufficiency. Why should the plaintiffs be relieved of their obligation to "state with particularity the grounds" of the motion under these circumstances?

Plaintiffs have stood upon their strict legal right that their notice complies with the rule. Plaintiffs are entitled to a ruling upon their strict legal right and the ruling is, that the notice does not comply with the rule and the motion is denied. There are other reasons for which this motion could be denied.

The action was commenced in the New York Supreme Court, Kings County, and removed to this court. The amended complaint alleges that the Russo-Asiatic Bank, a corporation organized under the laws of the former Russian Empire, of whose assets in New York the plaintiffs are the receivers, prior to 1917 deposited with the defendant, a bank, certain sums of money which the bank agreed to repay, and on January 31, 1920, there was due the Russo-Asiatic Bank an unpaid balance of $2,067,-523.90 and that payment of said sum was demanded and that by reason of the failure to repay said sum plaintiffs became entitled to recover double the amount, that is, $4,135,047.80 with interest.

One day before the commencement of this action in the state court the plaintiffs commenced an action against the same defendant upon the same cause of action in the United States District Court for the Southern District of New York in which the complaints are identical, except in the Southern District action the complaint alleges as the ground of federal jurisdiction that the suit is of a civil nature arising out of a transaction involving international or foreign banking or out of international or

488

foreign financial operations of which the court has jurisdiction as provided by 12 U.S.C.A. § 632.

This action was removed to this court under 12 U.S.C.A. § 632. The case in the Southern District is on the trial calendar and can be tried shortly. The action in the state court was never placed on the trial calendar.

■ The plaintiffs had the right to bring an action in the federal court and an action in the state court for the same relief, but are entitled to but one trial. The fact that they are prosecuting two cases for the same relief at the same time where they could obtain an immediate trial in the Southern District of New York and have thus caused the defendant considerable additional expense in defending the actions does not indicate that they are entitled to be relieved for their failure to comply with Rule 7. Such conduct does not appeal to the court's discretion to relieve the plaintiffs for their failure to comply with Rule 7. Furthermore, it does not appear that the position taken by the plaintiffs in the federal court is consistent with that taken by them in the New York state court. The main argument of the plaintiffs is, that this court has no jurisdiction because the state court decided on February 24, 1940, that it had no jurisdiction by denying plaintiffs' motion to strike out one of the defenses. However, the plaintiffs are placed at the horns of a dilemma because it appears that on September 25, 1940, the plaintiffs made a motion in the state court to consolidate this action with another state court action.

■ Plaintiffs claim that the state court has lost jurisdiction because the state court denied the motion to dismiss the third defense which raised the question of jurisdiction in that it was alleged that the United States of America as well as others have an interest in the subject matter of the action. Plaintiffs further claim that, if the state court lost jurisdiction, this court could acquire no jurisdiction, and that therefore this case should be remanded and not dismissed. All that the state court decided is that the defense was sufficient in law, that is, the court passed upon the sufficiency of the third defense. Obviously, the state court has not decided that it has no jurisdiction. All it has decided is, that the answer is sufficient on the face thereof as a matter of law. This in itself cannot deprive the court of jurisdiction.

■■ If it should appear, and such is not the fact here, that an action is brought in the state court upon a subject matter of which the federal court had exclusive jurisdiction, then such action could not be removed to this court. In a case where the federal court and the state court have concurrent jurisdiction of the subject matter, the action may nevertheless be removed to the federal court even though the state court may be unable to obtain jurisdiction of the person of certain additional parties. An action may be removed from the state court to the federal court at any time before the trial thereof. This is provided in 12 U.S.C.A. § 632.

The denial of the motion to strike out the third defense did not constitute a trial, all that was there decided was that the defense was sufficient on the face thereof —this would enable the defendant to offer proof of its allegations. This is a far cry from a trial of the issues and cannot be so regarded. This is not the kind of a "trial" which is intended in 12 U.S.C.A. § 632.

Plaintiffs' motion to remand the case to the state court is denied.

Settle order on notice.