## SACHS et al. v. OHIO NAT. LIFE INS. CO.

No. 3767.

District Court, N. D. Illinois, E. D.

March 12, 1942.

Sidney W. Mandel and Millard C. Eiseman, both of Chicago, Ill., for plaintiffs.

Seyfarth & Atwood, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

Plaintiff moves to strike eleven paragraphs of defendant's answer "for the reason that they are vague and indefinite, immaterial and insufficient in law to set up any defense to the cause of action asserted by plaintiffs in their complaint."

A motion in this form involving eleven paragraphs to an answer is a palpable non-compliance with Rule 7(b) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that a motion "shall state with particularity the grounds therefor." This point was raised in the brief of the defendant, filed under Rule 7 of the local rules of this court, in reply to the brief of the plaintiffs in support of the motion. Although the attention of the plaintiffs was called sharply to the non-compliance with the rule, yet no move has been made to make the motion more specific as required by Rule 7(b) (1) of the Rules of Civil Procedure.

The motion does not comply with the rule referred to and therefore will be denied. What is said by Judge Moscowitz in the case of Steingut v. National City Bank of New York, D.C., 36 F.Supp. 486, 487, is apposite. "The court would ordinarily excuse the failure to comply with this rule if it were inadvertent, but such is not the case here. There should be strict compliance with the rules, otherwise they will be whittled away and become meaningless and unenforceable."

However, one of the paragraphs of defendant's answer which is sought to be stricken out invokes the statute of limitations. In view of all the pleadings, the statute of limitations is a good plea.