**Patrick McL. DOUGALL et al., Plaintiffs,**

v.

**Jule M. SUGARMAN, Administrator of New York City Human Resources Administration, et al., Defendants.**

**No. 71 Civ. 992.**

United States District Court,
S. D. New York.

May 24, 1971.

Mobilization for Youth Legal Services, Inc., New York City, for plaintiffs; Lester Evens, Jeffrey G. Stark, New York City, of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendants; Judith A. Gordon, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs, individually and on behalf of all others similarly situated,[1] move this Court pursuant to 28 U.S.C. §§ 2281 and 2284 for an order convening a district court of three judges for the purpose of hearing and determining their application for a preliminary and permanent injunction to restrain defendants from continued enforcement of Section 53 of the New York Civil Service Law, McKinney's Consol.Laws, c. 7.[2]

Basing jurisdiction upon 28 U.S.C. §§ 1343(3), (4);[3] 42 U.S.C. § 1983, and 28 U.S.C. § 1331, plaintiffs seek to pre-

---

1. The determination as to whether the case is appropriately brought as a class action and, if so, the propriety of the definition of the class, is deferred for decision by the three-judge court.

2. N.Y. Civil Service Law § 53 (McKinney 1970)

"Citizenship requirements.

1. Except as herein otherwise provided, no person shall be eligible for appointment for any position in the competitive class unless he is a citizen of the United States.

2. * * *"

3. 28 U.S.C. § 1343, in pertinent part, provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) * * *

(2) * * *

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or

vent defendants from depriving them of their rights as "person[s] * * * [entitled to] * * * due process of law * * * [and] equal protection of the laws" under 'the Fourteenth Amendment to the United States Constitution. Furthermore, plaintiffs contend that defendants' enforcement of Section 53 denies aliens the right to travel within the United States and encroaches upon the exclusive right of Congress to regulate immigration and naturalization.

In substance, plaintiffs claim that Section 53, which makes non-citizens ineligible for appointment to any position in the competitive class of civil service in New York City, discriminates against aliens residing in the City. More specifically, plaintiffs urge that their discharge from employment merely because they are not American citizens violated their rights to due process and equal protection under the Fourteenth Amendment since American citizens admittedly would not have been discharged.[4] Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). It is further contended that enforcement of Section 53 infringes upon plaintiffs' right to travel among the states, as that right has been recognized in United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L. Ed.2d 239 (1965) and Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915). Finally, Section 53 is viewed by plaintiffs as encroaching upon the Congressional scheme for immigration and naturalization and hence must be declared void. Truax v. Raich, *supra*; Purdy & Fitzpatrick v. State, 71 Cal.2d 566, 79 Cal.Rptr. 77, 456 P.2d 645, 653 (1969).

Defendants, on the other hand, cross-move for dismissal of the within action on the grounds this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3), (4). In addition, defendants contend that no substantial federal question requiring the convening of a three-judge court is presented by the within complaint.

We turn first to the motion to dismiss which, if granted, would dispose of the entire action. It appears unlikely that plaintiffs can meet the $10,000 jurisdictional requirement of 28 U.S.C. § 1331, since the claims of the class members, being separate and distinct, may not be added together. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed. 2d 319 (1969); Catalono v. Dep't of Hospitals, 299 F.Supp. 166, 169 (S.D.N.Y. 1969). Furthermore, since the salary of the highest paid discharged member of the class is $12,100 per annum and, as of the filing of the complaint, no member of the class had been off the payroll for more than three weeks, it is clear that no individual class member can presently meet the $10,000 requirement. Moreover, if any class member is subsequently employed by a private employer he may never reach the requisite amount since his lost wages will never reach $10,000. Finally, it is doubtful whether the future lost wages of which the individual class members may be deprived could be considered by this Court in computing the amount in controversy. *Cf.* Eisen v. Eastman, 421 F.2d 560, 566 (2d Cir. 1969); Kochhar v. Auburn Univ., 304 F. Supp. 565, 567 (D.C.Ala.1969).

I find defendants' reliance on Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971), for dismissing the within action for lack of jurisdiction under 28 U.S.C. § 1343 (3), misplaced. In that case, the plaintiff, a case worker in the Connecticut Department of Welfare, claimed she was denied procedural due process when the State fired her. The Court of Appeals, in affirming the dismissal of that action,

of all persons within the jurisdiction of the United States;
(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

4. The relevant language of the Fourteenth Amendment provides:
"[N]or [shall any State] deny to any *person* within its jurisdiction the equal protection of the laws." (Emphasis supplied.)

held that § 1343(3) did not provide jurisdiction since only rights of personal liberty can be asserted under that section when one claims he has been denied procedural due process. "[T]he claim that appellant was denied procedural due process has no independent jurisdictional significance * * *." Tichon v. Harder, *supra* at 1399. Clearly, the loss of employment is a property right vis-a-vis a right of personal liberty. However, plaintiffs contend not merely that they were denied procedural due process, but that they were also denied equal protection of the laws when the City discriminated against them. This, of course, involves a matter of personal liberty. *See* Arrington v. Massachusetts Bay Transp. Auth., 306 F.Supp. 1355 (D.Mass.1969). To hold otherwise would permit the City to dismiss an employee because of his race and yet offer him no opportunity for redress in the federal courts unless the matter in controversy satisfied the $10,000 jurisdictional requirement of § 1331. Furthermore, such a holding would fly in the face of the very language of § 1343(3) and that of the Fourteenth Amendment.

I conclude, therefore, that this Court does in fact have jurisdiction, under 28 U.S.C. § 1343(3), of the instant action. Madison v. Wood, 410 F.2d 564, 567 (6th Cir. 1969); Penn v. Stumpf, 308 F.Supp. 1238, 1244–1246 (N.D.Cal. 1970); *cf.* Davenport v. Berman, 420 F. 2d 294, 296 (2d Cir. 1969).

The next issue is whether the plaintiffs' complaint raises a substantial constitutional question necessitating the convening of a three-judge court. In a recent unanimous decision, Purdy & Fitzpatrick v. State, 79 Cal.Rptr. 77, 456 P.2d 645 (1969), the California Supreme Court held that a state statute prohibiting the employment of aliens on public works was unconstitutional in that it: (1) offended the equal protection clause of the Fourteenth Amendment of the United States Constitution, and (2) interfered with the Congressional scheme for immigration and naturalization. There has also been a recent adoption of stricter standards of judicial review in cases dealing with "suspect classifications" or "fundamental interests". Keyishian v. Bd. of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Takahashi v. Fish & Game Comm., 334 U.S. 410, 420, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948); Hawkins v. Town of Shaw, 437 F.2d 1286 (5th Cir. 1971); *see generally,* Developments in the Law—Equal Protection, 82 Harv.L.Rev. 1065 (1969). Under this standard, the state must show the classification is necessary to a compelling state interest, rather than merely demonstrate a reasonable relation between the restriction and any possible valid state interest. Defendants argue, however, that the standard applies only to classifications which penalize the exercise of specific constitutional or fundamental rights and not with respect to public employment. Again, the defendants fail to perceive the gravamen of the instant action—denial of equal protection of the laws. "While there may be no constitutional right to public employment as such, there is a constitutional right to be free from unreasonably discriminatory practices with respect to such employment." Whitner v. Davis, 410 F.2d 24, 30 (9th Cir. 1969).

In light of the recent ruling of the California Supreme Court and the other noted developments in equal protection, it seems clear that a three-judge court should be convened to consider the substantial constitutional questions presented herein.

Accordingly, I will notify the Chief Judge of this Circuit that a three-judge court ought to be convened pursuant to Section 2284 of Title 28 of the United States Code.

So ordered.