Franklin G. COHEN et al., Plaintiffs,

v.

CITY OF MIAMI et al., Defendants.

Civ. No. 71–1887.

United States District Court,
S. D. Florida,
Miami Division.

Feb. 2, 1972.

## MEMORANDUM ORDER ON RULE 12 MOTIONS

ATKINS, District Judge.

This cause is before the Court on the defendants' motion to dismiss or for a more definite statement, motion to strike, and the separate motions to dismiss filed by defendant C. A. Scarborough and defendant City of Miami.

The occasion for this review of the employment practices of the City of Miami Police Department is the institution of a class action suit on behalf of all present and future "classified black policemen" employed by the City under the auspices of a Civil Service program. Practices challenged in the complaint include refusals to hire black policemen, assignments to less desirable jobs, refusals to promote, discriminatory testing and harrassment, disciplining and dismissal of black officers. All these alleged instances of discrimination are said to be racially motivated.

Jurisdiction of this cause is based upon 28 U.S.C. §§ 1331 and 1343 for alleged violations of 42 U.S.C. §§ 1981, 1982, 1983 and 1988. While the allegations here are typically found in Equal Employment Opportunities suits pursuant to 42 U.S.C. § 2000e et seq., the need to name the City of Miami as a defendant apparently necessitated resort to the Civil Rights Act of 1866 and 1871. It is this attempt to place Title VII unfair employment practices "eggs" in a Civil Rights Act "basket" which poses problems of unusual interest.

I

Defendants have moved to dismiss this complaint for failure to state a cause of action. Treating this as a Rule 12(b) (6) motion, it appears to the Court that defendants have failed to show "to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." Cook & Ni-

Wilkie D. Ferguson, Jr., of McCrary, Ferguson & Lee, Miami, Fla., for plaintiffs.

Alan H. Rothstein, City Atty., and Sidney B. Shapiro, Asst. City Atty., Miami, Fla., for defendants.

chol, Inc. v. Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). For this reason, this motion to dismiss must be denied.

■ Plaintiffs' memorandum in opposition to the motion to dismiss emphasizes violations of §§ 1981 and 1983. This might be considered an entirely appropriate admission that the complaint does not allege any conduct in violation of § 1982 rights. Similarly, § 1988 provides district courts with common law remedies in aid of their jurisdiction when dealing with violations of other provisions of the Civil Rights Act. This is designed to assure that a remedy will exist for the vindication of a federally protected right, if one has been violated. Brazier v. Cherry, 293 F.2d 401, 409 (5th Cir.), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). It does not create additional rights which may be vindicated in federal court under 28 U.S.C. § 1343. Our focus must thus be concentrated upon § 1981 and § 1983.

■ A § 1983 suit can be maintained to redress a discriminatory denial of the right to equal public employment opportunities. Johnson v. Branch, 364 F.2d 177 (4th Cir. 1964), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967); Armstead v. Starkville Municipal Separate School District, 325 F. Supp. 560 (N.D.Miss.1971). While most employment rights actions have involved teachers, the scope of such litigation is expanding. *See, e. g.,* Arrington v. Massachusetts Bay Transportation Authority, 306 F.Supp. 1355 (D.Mass.1969); Western Addition Community Organization v. Alioto, 330 F.Supp. 536 (N.D.Cal-

if.1971) (firemen); Dougall v. Sugarman, 330 F.Supp. 265 (S.D.N.Y.1971) (civil service).

■ It has also been suggested that the "right to work at a lawful occupation without discrimination due to race" is protected under § 1981.[1] C. Antieau, Federal Civil Rights Acts 28 (1971). Many of the cases noted above were brought under § 1981 as well as § 1983. I embrace this principle and hold that the complaint in the case sub judice states a claim for violation of both 42 U.S.C. § 1981 and § 1983 upon which relief can be granted.

Without reciting the details of the complaint, it is clear that a pattern and practice of racial discrimination permeating every phase of a black officer's relationship with the City of Miami has been alleged. The City of Miami Police Department and the individual defendants, acting in their official capacities, are charged with implementing these discriminatory practices. This conduct constitutes the state action necessary for a § 1983 cause of action. Accordingly, it is ordered that the motion to dismiss for failure to state a claim is denied.

## II

■■ The motion for more definite statement and the motion to strike are without merit. The details sought by the former are, without exception, more appropriately obtained through the discovery process. Redundancy and immateriality are the main objections raised by the motion to strike. Since motions to strike are disfavored, however, plain-

1. The holding to the contrary in Culpepper v. Reynolds Metals Co., 296 F.Supp. 1232 (N.D.Ga.1969), rev'd on other grounds, 421 F.2d 888 (5th Cir. 1970), is not controlling in this case, because *Culpepper* involved an attempt to invoke § 1981 in a setting of purely private racial discrimination. Since the district court decision in *Culpepper*, the Fifth Circuit has further recognized the "new viability" of § 1981. Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970),

cert. denied, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971). By its holding that a complaint alleging private racial discrimination in employment stated a § 1981 claim against a private employer, the Court clearly rejected any state action requirement in such cases. It distinguished Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 598, 26 L.Ed. 2d 142 (1970), where state action had been required in a § 1983 suit.

tiffs' error on the side of verbosity must be excused. Wright & Miller, 5 Federal Practice and Procedure § 1382 (1969). The defendants voice objections to the allegations of past instances of discrimination, dating back to the 1940's. Such allegations are appropriate to lay a foundation for proof of the present effects of this past discrimination, even though present practices may seem facially neutral. *See, e. g.,* United States v. Jacksonville Terminal Company, 451 F.2d 418 at 441 (5th Cir. 1971).

It is therefore further ordered that the motion to strike and the motion for more definite statement are denied.

### III

Relying upon the holding of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961), that municipal corporations are not "persons" for purposes of § 1983 liability, the City of Miami seeks dismissal of the complaint. It relies also upon cases such as United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S. Ct. 696, 24 L.Ed.2d 691 (1970). *Monroe* has since been limited to its holding that cities cannot be held liable for monetary damages under § 1983.

■ Suits for injunctive and declaratory relief have been permitted against municipalities. Bailey v. Patterson, 323 F.2d 201 (5th Cir. 1963), cert. denied sub nom., City of Jackson v. Bailey, 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1964); Garren v. City of Winston-Salem, 439 F.2d 140, 141 (4th Cir. 1971), petition for cert. filed, 40 U.S.L.W. 3013 (U.S. May 3, 1971), (No. 70–142). The controlling precedent in this Circuit comes from the divided panel in Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d

439 (1971). In this suit brought by black teachers under § 1983 challenging a failure to renew their contracts and seeking reinstatement and back pay, the Court of Appeals drastically limited Monroe v. Pape. It held that these remedies were equitable in nature and could be sought against the school district, although plaintiffs had no right to a jury determination of the claims.

■ In the case sub judice then, the City is a person within the meaning of § 1983 for purposes of determining plaintiffs' right to the equitable relief which they seek. The City cannot be held liable for the compensatory damages sought in the complaint. This result is dictated by the holding in *Harkless, supra,* which has been reiterated in Butts v. Dallas Independent School District, 436 F.2d 728 (5th Cir. 1971).[2]

Plaintiffs' invitation to re-examine Monroe v. Pape itself must, as they recognize, be reserved for the Supreme Court. Furthermore, within the sphere of damage suits, the influence of the Court's holding is pervasive. Although plaintiffs have not yet argued that their § 1981 claim supports a prayer for damages, as well as equitable relief, against the City, I wish to foreclose that argument at this time.

> It is difficult to understand why a municipality which is not subject to a suit for damages as a "person" by reason of deprivation of federal rights under § 1983 and § 1985 can be sued for damages by reason of depriving an individual of the identical rights under § 1981.

Folk v. Wilson, 313 F.Supp. 727, 728 (D.Del.1970) (dictum). In my opinion, this action can proceed against the City with the excision of the prayer for damages. With that caveat, the City's motion to dismiss is denied:

2. Adopting the approach of the Fifth Circuit, the court in Hunter v. City of Ann Arbor, 325 F.Supp. 847 (E.D.Mich., 1971) has permitted maintenance of a suit alleging racial discrimination, brought by a discharged city employee.

V

C. A. Scarborough, a doctor for the City of Miami, was served by delivery of the requisite papers to a secretary in the doctor's office at the city medical facility. This service was patently inadequate to meet the Rule 4(d)(1) requirement that service be made upon a defendant "at his dwelling house or usual place of abode." Plaintiffs suggest that service was proper under the Florida Rules, made applicable by Rule 4(d)(7), F.R.C.P. They do not, however, suggest a provision authorizing such service. Section 48.031, F.S.A., refers to obtaining personal service upon the defendant or leaving the papers "at his usual place of abode." Thus service upon Dr. Scarborough was ineffectual. It is therefore further ordered that the motion to dismiss is treated as a motion to quash service and, as such, is granted.

Those defendants upon whom service has been obtained shall file answers to the complaint within fifteen days from the entry of this order.