**Dr. Judith M. DAVIS, Plaintiff,**

v.

**Edward WEIDNER, Individually and as Chancellor of the University of Wisconsin-Green Bay, et al., Defendants.**

No. 74–C–153.

United States District Court, E. D. Wisconsin.

Nov. 5, 1976.

---

**596**

Cheryl Rosen Weston, Madison, Wis., for plaintiff.

Bronson C. LaFollette, Atty. Gen. by Robert D. Repasky, Asst. Atty. Gen., Madison, Wis., for defendants.

### DECISION and ORDER

REYNOLDS, Chief Judge.

This is an action commenced by a former Professor at the University of Wisconsin—Green Bay against the Chancellor, Dean of the Colleges and Chairman of the Analysis-Synthesis Concentration at the Green Bay campus, and the Board of Regents of the University of Wisconsin (the "Board"). Plaintiff has alleged sex-based discrimination in employment practices on the part of the defendants in violation of 42 U.S.C. Sec. 2000e, and has also alleged violations of 42 U.S.C. Secs. 1981, 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution for deprivations of due process and equal protection of the law, seeking to invoke the jurisdiction of this court under 28 U.S.C. Secs. 1331, 1343 and 42 U.S.C. Sec. 2000e–5(f), plaintiff has asked for monetary relief and reinstatement to employment.

From the pleadings, motions, and other documents filed in this action, the following facts appear. On July 2, 1970 plaintiff accepted an appointment as an Instructor in Analysis-Synthesis (Literature and Language) for the 1970–71 academic year at the University of Wisconsin—Green Bay. As an express condition of the appointment it was provided that:

> "The first of the semester following attainment of the terminal degree, rank will be changed to assistant Professor for the balance of the the 3-year period, 1970–1973, providing the terminal degree is received by March 1, 1971. (otherwise the appointment will be subject to annual review and possible renewal at the rank of Instructor.)" Defendants' Motion to Dismiss and Answer, Exhibit A.

Plaintiff was reappointed for the 1971–72 academic year as an instructor since she did not receive her terminal degree until some time in 1972. She was promoted to the rank of Assistant Professor in January of 1972. On August 30, 1972 she was appointed an Assistant Professor for the 1972–73 academic year. An express condition of the appointment provided that her employment with the University would terminate on May 31, 1973. In accepting the appointment Dr. Davis included the following on the acceptance form:

> "By signing the Acceptance of Appointment, I am in no way accepting the statement, 'Your employment with UWGB terminates on 31 May 1973.' Further, I in no way by signing this Acceptance give up my right to appeal on the termination of employment decision." Defendants' Motion to Dismiss and Answer, Exhibit C.

After some further administrative review of her case, Dr. Davis received final confirmation from the Secretary of the Faculty on January 10, 1973 that 1972–73 would be her terminal year with the University. This suit followed.

The defendants have moved this court to dismiss this action as to the Board of Regents of the University of Wisconsin for lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. The court also understands defendants to be asking that this action be dismissed as to the individual defendants for alleged ac-

tions prior to March 24, 1972, the date Title VII was amended to include governmental agencies.

■ I begin by noting that the plaintiff alleges 42 U.S.C. Sec. 1981 as one of the bases for this sex discrimination suit. As the case law has made clear, Sec. 1981 was enacted pursuant to the Thirteenth Amendment to the United States Constitution and an allegation of racial discrimination is required to state a cause of action under it. See, e. g., *Folk v. Wilson,* 313 F.Supp. 727 (D.Del.1970); *Olson v. Rembrandt Printing Co.,* 375 F.Supp. 413 (E.D.Mo.1974); *Lopez v. Jackson Co. Board of Supervisors,* 375 F.Supp. 1194 (S.D.Miss.1974). Since the complaint nowhere alleges racial discrimination, this court cannot entertain her claim under 42 U.S.C. Sec. 1981, and that part of the complaint must be dismissed for lack of jurisdiction.

■ With respect to the other grounds alleged in the complaint, the Board takes the position that, as it was not subject to the provisions of 42 U.S.C. Sec. 2000e–5 until the Amendments of March 24, 1972, this court lacks subject matter jurisdiction over any allegedly discriminatory acts occurring before the 1972 amendments. No cases are cited in support of this position. It must be noted that plaintiff's termination was not finalized until January 10, 1973, well after the 1972 Amendments, and it is this termination that Dr. Davis is alleging to be discriminatory. Since defendants were subject to the requirements of Title VII at the time the termination was finalized, the court has subject matter jurisdiction over the complaint that the termination was discriminatory under 42 U.S.C. 2000e–5. Furthermore, even though events

prior to March 24, 1972 would not appear to be compensable themselves, should plaintiff prevail, *Cohen v. Chesterfield Co. School Board,* 474 F.2d 395, n. 1 (4th Cir. 1973), they are undoubtedly admissable as evidence of discrimination. *Buckner v. Goodyear Tire and Rubber Co.,* 339 F.Supp. 1108, 1118 (N.D.Ala.1972); *Rogers v. International Paper Co.* 510 F.2d 1340, 1347 (8th Cir. 1975) ("Pre-Act discriminatory conduct is thus an integral component in the calculus of employment discrimination and remedial relief.") Therefore, the complaint cannot be dismissed as to the Board, or any of the individual defendants, on these grounds.

■ The Board also contends that this court lacks subject matter jurisdiction due to plaintiff's failure to allege a "right-to-sue" letter has been furnished to plaintiff by the Attorney General of the United States, as required by 42 U.S.C. Sec. 2000e–5(f)(1).[1] Paragraph 69 of the complaint does allege the receipt of a "right-to-sue" letter on January 23, 1974, within 90 days of the filing of this action, but does not allege that it was issued by the Attorney General. I agree with the plaintiff that its original allegation is sufficient to meet the statutory requirement under the "notice" principles of federal pleading. *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Clark, *Two Decades of the Federal Civil Rules,* 58 Colum.L.Rev. 435 (1958). Therefore, the motion to dismiss for lack of subject matter jurisdiction must be denied.

■ The Board has also moved to dismiss the claim against it based on 42 U.S.C. Sec. 1983[2], on the ground that the Board is not a "person" within the meaning of the statute. The plaintiff's brief has neglected to

---

1. 42 U.S.C. Sec. 2000e–5(f)(1) provides in relevant part: ". . . If . . . the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, . . . the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved . . . ."

2. 42 U.S.C. Sec. 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

treat this issue. The Board of Regents of the University of Wisconsin System is a corporate body created by Wisconsin law. Wis.Stat.Ann. Sec. 36.07(1) (Supp.1975). As such, the Board is vested with primary responsibility for governing the University of Wisconsin System. Wis.Stat.Ann. Sec. 36.-09 (Supp.1975).

In *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) the Supreme Court extended the rule of *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) to preclude Sec. 1983 actions for equitable relief, as well as damages from being maintained against municipal corporations on the ground that they were not "persons" within the meaning of the statute. *City of Kenosha v. Bruno,* supra 412 U.S. at p. 513, 93 S.Ct. [2222] at p. 2226. Relying heavily on the analysis of legislative history done by the *Monroe* Court, the Court in *Bruno* stated:

> "We find nothing in the legislative history discussed in *Monroe,* or in the language actually used by Congress, to suggest that the generic word "person" in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe,* 'Congress did not undertake to bring municipal corporations within the ambit of' § 1983, id. [365 U.S.] at 187, 81 S.Ct. [473], at 484, they are outside of its ambit for purposes of equitable relief as well as for damages." Id.

Although not a municipal corporation, the Board of Regents comes within the Court's holding in *Bruno.* The expansive language in *Bruno* has been held to be applicable to political subdivisions of state and local governments other than municipal corporations. See, e. g., *Adkins v. Duval County School Board,* 511 F.2d 690, 693 (5th Cir. 1975); *Aldinger v. Howard,* 513 F.2d 1257, 1259 (9th Cir. 1975); *Kelly v. Wisconsin Interscholastic Athletic Association,* 367 F.Supp. 1388, 1392 (E.D.Wis.1974). See

generally "The Supreme Court 1972 Term," 87 Harv.L.Rev. 57, 252–63 (1973). Therefore, I find that the Board is not a "person" within the meaning of 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983. The motion to dismiss the plaintiff's Sec. 1983 claim against the Board must therefore be granted.

▪ The Board has also moved to dismiss this action for failure to allege any discretionary actions by the Board. It is the plaintiff's position that the Board, a corporation, can only act through its agents, and since the complaint sets forth the acts of individual defendants with great specificity it states a claim for relief against the Board. Although it is true that under State law immediate governance of each institution is vested with its faculty, Wis. Stat.Ann. Sec. 36.09(4) (1975 Supp.), the Board is not thereby divested of *all* responsibility. More importantly, as the party responsible for contracting with the plaintiff for employment, Wis.Stat.Ann. Sec. 36.-09(1)(e), the Board would seem to be directly involved in discretionary offers of employment to faculty members. I find that plaintiff has alleged sufficient actions by the Board and therefore deny this motion to dismiss.

▪ The Board has also moved to dismiss the action for failure of the plaintiff to set forth a sufficient amount in controversy to involve federal jurisdiction. Under 28 U.S.C. Sec. 1331(a).[3] The plaintiff did, however, allege an annual salary in excess of $10,000 which was lost when her employment was terminated. It does not appear that plaintiff's claim was made in bad faith or that it is certain that the claim is worth less than $10,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). I find the $10,000 requirement of Sec. 1331(a) has been satisfied, and the Board's motion to dismiss must be denied.

The defendant Board of Regents has withdrawn its Eleventh Amendment objec-

---

**3.** 28 U.S.C. Sec. 1331(a) provides: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

tions to plaintiff's Title VII claim to the extent that it states claims arising after March 24, 1972. (Supplemental Brief p. 4)

■ Finally, the defendant objects to the Title VII claim on the grounds that it fails to state a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Supreme Court held that:

"The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."

The plaintiff alleges in her complaint that she is a member of the class discriminated against (in this case sex, not race, discrimination) as in *McDonnell Douglas* (par. 3); that she was teaching and was qualified for retention as a teacher at the University of Wisconsin—Green Bay (pars. 8, 9, 10, 11, 14, 27); that in spite of her qualifications she was not retained (par. 22); and that after her rejection, the University retained an applicant with plaintiff's qualifications (par. 27). These allegations meet the test of *McDonnell Douglas* and state a *prima facie* case under Title VII.

For the foregoing reasons,

IT IS ORDERED that all plaintiff's allegations based on 42 U.S.C. Sec. 1981 be and hereby are dismissed.

IT IS FURTHER ORDERED that all plaintiff's allegations based on 42 U.S.C. Sec. 1983 be and hereby are dismissed as to the Board of Regents.

IT IS FURTHER ORDERED that all of the other defendants' motions to dismiss be and hereby are denied.