**PAUL C. LODGEK, Plaintiff**

v.

**ROY LANG, CRAIG MILLIGAN, d/b/a M.D. MARINE, and DOROTHY C. HAGAN, d/b/a RUSTY'S ROOST, Defendants**

Civil No. 507-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 9, 1977

JOHN R. MAYER, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for plaintiff*

JOHN D. MARSH, ESQ. (BRYANT, COSTELLO, BURKE & SCOTT), Christiansted, St. Croix, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendants Hagan and Milligan have moved to strike the punitive damages claim, Count IV of plaintiff's complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to dismiss the complaint pursuant to Rule 12(b)(6) or, in the alternative, to require a more definite statement pursuant to Rule 12(e). Initially it should be stated that both the Federal Rules of Civil Procedure and the Rules Governing the Territorial Court mandate that all pleadings shall be liberally construed to do substantial justice. 5 V.I.C. App. I R. 8(f); 5 V.I.C. App. IV R.1, 7. This mandate has been characterized as "the heart" of the rules on pleading. 2A Moore's Federal Practice, ¶ 8.34, p. 1895 (2d ed. 1968). Pleadings are construed in the pleader's favor and, if possible, effect will be given to all its averments. 5 Wright and Miller, Federal Practice and Procedure: Civil § 1286, pp. 381–384 (1969).

### MOTION TO DISMISS

██ Defendant's motion to dismiss is based on the failure of the complaint to specify the place where the alleged tortious injury occurred. It is well settled, however, that a complaint may not be dismissed unless it is clearly without merit. 2A Moore's, supra, ¶ 12.08, p. 2271. Stated otherwise, it must appear to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. at 2274. Mere vagueness or lack of specificity is not a ground for a motion to dismiss, but

rather for a motion for a more definite statement. Moore's, supra, at pp. 2274–2285.

■ Plaintiff in response to the motion submitted a "More Definite Statement." Although the More Definite Statement does not comply with procedural prerequisites by amending the complaint, 5 Wright and Miller, supra, § 1379, p. 774, it does contain sufficient details to meet the objections of defendants. Consequently, the motion to dismiss will be denied. However, since it would be impossible for defendants to file an answer to plaintiff's complaint without appropriate amendments as reflected by the more definite statement, plaintiff shall be given ten (10) days from the date of this order to amend his complaint to incorporate the facts as set forth in the More Definite Statement.

## MOTION TO STRIKE

■■ Defendant's motion to strike alleges that Count IV of plaintiff's complaint is immaterial and impertinent. Such motions are disfavored and infrequently granted. 5 Wright and Miller, supra, § 1380, p. 783; 2A Moore's supra, § 12.21, p. 2429. To be granted the moving party must not only show that the matters to be stricken present no possible issues of fact or law, but also that they will result in prejudice to his case. Brown v. Williamson Tobacco Corp. v. United States, 201 F.2d 819 (6th Cir. 1953); 5 Wright and Miller, supra, § 1382, pp. 807–814, 822, 825–26; 2A Moore's, supra, ¶ 12.21, pp. 2429–2434. It is inappropriate for the court, for the purposes of ruling on a motion to strike, to pierce the allegations of the complaint in order to factually determine whether the circumstances which gave rise to the accident were such as to warrant punitive damages. Cf. Berne v. Caesar, Civil No. 76/345 (D.V.I., Div. St. Thomas and St. John, Order entered May 24, 1977). In addition, it may be added that a

motion to strike, like any other motion, must state with particularity the grounds therefor. Rule 7(b) Federal Rules of Civil Procedure. Statements of a conclusionary nature will not suffice. Sachs v. Ohio National Life Insurance Co., 2 F.R.D. 348 (N.D. Ill. 1942).

Plaintiff has alleged negligence on the part of defendants Hagan and Milligan in Count I of the complaint and recklessness of all the defendants in Count IV. The Restatement (Second) of Torts § 344 imposes liability under certain circumstances on the possessor of land for injuries suffered by business invitees. Although a finding of liability ordinarily will only result in an award of compensatory damages, there is no reason why, in appropriate circumstances, liability for recklessness or gross negligence in the form of punitive damages may not be awarded as well. Plaintiff will, of course, have to meet his burden of proof. However, for the purpose of ruling on the motion to strike the court cannot say that Count IV raises no possible issues of fact or law that would prevent the plaintiff upon appropriate proof from being awarded punitive damages.

Wherefore it is

ORDERED that defendant's motion to dismiss and defendant's motion to strike Count IV of plaintiff's complaint be and the same hereby are denied and plaintiff shall be given 10 days from the date of this order to amend his complaint to incorporate the facts as set forth in the More Definite Statement or amend the more definite statement so responsive pleadings can be filed by defendants, and it is further

ORDERED that Hagan and Milligan shall file a responsive pleading within 10 days after being served with the amended complaint, or a more definite statement as provided for herein.