**WILLIAM HOBSON, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, FIRE DIVISION, OFFICE OF THE GOVERNOR; RUDOLPH A. JENNINGS, FIRE CHIEF; and CARLOS VALLE, DIRECTOR OF FIRE SERVICE, Defendants**

Civil No. 161/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 5, 1984

414

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

The plaintiff has brought the instant action for, among other things, deprivation of his civil rights based on alleged employment discrimination resulting in his not being hired as a firefighter because of his alienage. Presently, the matter is before the Court on defendants' following motions: (1) motion to dismiss, or (2) motion for more definite statement, or (3) motion to strike. Each of these motions shall be considered separately below.

# I. MOTION TO DISMISS

Defendants move the Court, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the plaintiff's amended complaint on the ground that it fails to state a claim upon which relief can be granted. The Court disagrees.

■■■ Defendants' motion to dismiss attacks the legal sufficiency of plaintiff's complaint and, ordinarily, should be read in conjunction with Rule 8(a)(2), Federal Rules of Civil Procedure, which merely requires that a claim for relief be set out in a short and plain statement showing that the pleader is so entitled to relief. Hans Lollik Corp. v. Government, 17 V.I. 220, 230 (Terr. Ct. 1981). Notwithstanding the requirements of Rule 8, the United States Court of Appeals for the Third Circuit has "adopted the rule that complaints in civil rights case[s] must be specifically pleaded in order to avoid a motion to dismiss." Kauffman v. Moss, 420 F.2d 1270, 1275 (3d Cir. 1970) cert. denied 400 U.S. 486. However, it is an established principle of law that a complaint may not be dismissed unless it is clearly without merit. That is, it must appear to a certainty that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Lodgek v. Lang, 14 V.I. 118, 120 (Terr. Ct. 1977). Accord, Bogosian v. Gulf Oil Corp., 561 F.2d 434, 444 (3d Cir. 1977), cert. denied 434 U.S. 1086.

Relying on Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); Rodes v. Municipal Auth., 409 F.2d 16 (3d Cir. 1969); Kauffman v. Moss, supra; and Rotolo v. Borough of Charleroi, 532 F.2d 920 (3d Cir. 1976), defendants contend that the Third Circuit's requirement for specificity in civil rights actions has not been met. The Court disagrees.

■■■ The plaintiff alleges, inter alia, that he was denied employment as a firefighter because of his alienage. "[W]hile there may be no constitutional right to public employment as [a firefighter], there is a constitutional right to be free from unreasonably [sic] discriminatory practices with respect to such employment." Whitner v. Davis, 410 F.2d 24, 30 (2d Cir. 1969). The defendants make much ado about the plaintiff's failure to allege the specific jurisdictional basis for his claim. Notwithstanding this shortcoming, it is evident that the conduct alleged against the individual defendants is actionable under the Civil Rights Act, 42 U.S.C. § 1983. See, Simon v. Lovgren, 10 V.I. 302, 368 F.Supp. 265, 268–69 (D.V.I. 1973). Hence, plaintiff's failure to cite the specific section of the Civil Rights Act is of no consequence. Whitner, supra, at 28 n. 3. Accordingly, defend-

ants' motion to dismiss with respect to the individual defendants will be denied.

■ Although not raised by either of the parties, it is well-settled that a § 1983 cause of action cannot be asserted directly against the Government of the Virgin Islands or the entities through which it operates. This conclusion is based on the fact that the Virgin Islands, as a territory, does not fall within § 1983's meaing of a "person," and, accordingly, is immune from the direct reach of that section. Adkins v. Duval County School Bd., 511 F.2d 690, 693 (5th Cir. 1975). See, Monroe v. Pape, 365 U.S. 167 (1961); Mahone v. Waddle, 564 F.2d 1018, 1021 (3d Cir. 1977), cert. denied 438 U.S. 904; Aldinger v. Howard, 513 F.2d 1257, 1259 (9th Cir. 1975); Davis v. Weidner, 421 F.Supp. 594, 598 (E.D. Wis. 1976).

■■ However, while the defendant Government and its entities are immune under § 1983, the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 et seq., provides an independent local jurisdictional ground to impute liability to the Government. This is so "because an action under the Civil Rights Act is one which sounds in tort." Ocasio v. Bryan, 6 V.I. 43, 45, 347 F.2d 11 (3d Cir. 1967). Accord, Monroe v. Pape, supra; Basista v. Weir, 340 F.2d 74, 81 (3d Cir. 1965); Anderson v. Haas, 341 F.2d 497, 502 (3d Cir. 1965). Hence, the motion to dismiss, for failing to state a cause of action against the Government will be denied.[1] However, the Court will grant plaintiff leave to amend his complaint to allege the jurisdictional basis for his § 1983 and tort claim.

## II. MOTION FOR MORE DEFINITE STATEMENT

■■ Alternatively, the defendants have moved the Court for an order for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure. That rule states in pertinent part that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading.

The propriety of granting the motion for a more definite statement lies completely within the discretion of the trial court. Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 26 F.R.D. 141, 142

---

[1] The Court expresses no opinion as to whether the plaintiff's claim against the Government may be challenged on some basis other than that asserted in the instant motion.

(D. Del. 1960). Upon examination of the plaintiff's amended complaint, the Court is of the opinion that it is not so vague or ambiguous that the defendants cannot reasonably be required to frame a responsive pleading. Indeed, the details which are being sought by the defendants "are, without exception, more appropriately obtained through the discovery process." Cohen v. City of Miami, 54 F.R.D. 274, 276 (S.D. Fla. 1972). Accordingly, this motion will be denied.

## III. MOTION TO STRIKE

██ ██ As a further alternative, the defendants have moved the Court, pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike certain paragraphs of plaintiff's complaint. It is evident to the Court that the defendants are attempting to sabotage the plaintiff's cause of action through the use of the motion to strike. However, as a general principle, such motions are highly disfavored and infrequently granted. "To be granted the moving party must not only show that the matters to be stricken present no possible issues of fact or law, but also that they will result in prejudice to his case." Lodgek, supra, at 121. This the defendants failed to do. Merely asserting that the proposed matter to be stricken is "scandalous" or "irrelevant" without more is insufficient. Moreover, even if plaintiff's complaint is redundant or contains irrelevant allegations, that is no basis for a motion to strike absent a showing of prejudice. See, Cohen, supra, at 276–77. Accordingly, defendants' motion to strike will be denied.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby

ORDERED that defendants' motions to dismiss, for a more definite statement, and/or to strike are DENIED; and it is further

ORDERED that plaintiff amend his complaint to assert the jurisdictional basis for his civil rights claims against the individual defendants and his tort claim against the Government within fifteen (15) days of the date of this order.