**GEORGE LOMBARDI AND YVONNE LOMBARDI, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendants**

Civ. No. 982/1994

Territorial Court of the Virgin Islands

Div. of St. Croix

June 8, 1995

DIANNE TRACE WARLICK, ESQ., WARLICK & QUIGLEY, P.C., *for Plaintiffs*

JENNIE HENDRICKSON, ESQ., Assistant Attorney General, Department of Justice, *for Defendant, Government of the Virgin Islands*

LORELEI FARRINGTON, ESQ., Deputy General Counsel, V.I. Water & Power Authority, *for Defendant, Virgin Islands Water and Power Authority*

3

STEELE, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Government's **Motion to Dismiss** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Government's motion will be **GRANTED**.

## FACTS

Plaintiffs filed this complaint[1] alleging that on November 29, 1948, Dr. Reginald Moore and his wife, Bertha E. Moore (hereinafter the "Moores"), granted an easement (hereinafter the "1948 easement agreement") to the Municipality of St. Croix that allowed among other things the right to extract water, and to erect a pump house and storage tanks on Plot 50, Estate Concordia, St. Croix (hereinafter the "Concordia Property"). Plaintiffs allege that in consideration for the easement, the Municipality of St. Croix gave the Moores the perpetual right to receive water free of any charge "for his own property.'" According to plaintiffs' complaint, the Moores were the owners of 1 Queen Street, 60 Hill Street Christiansted (hereinafter the "Queen Street Property") at the time of the 1948 easement agreement and plaintiffs allege that the free water benefit attached as an appurtenant easement[2] to the Queen Street Property.

Paragraph six (6) of the complaint states that plaintiffs acquired title to the Queen Street Property in April of 1978 and the deed indicated that plaintiffs acquired any improvements, rights, privileges and appurtenances belonging to the property. Plaintiffs allege that for forty-six (46) continuous years, defendants furnished water to the Queen Street Property free of any charge. Plaintiffs also allege that defendants continue to extract and sell

---

[1] Plaintiffs filed this complaint *pro se* on December 7, 1994. However, on December 29, 1994, plaintiffs moved for an extension of time to respond to the instant motion because they were attempting to obtain legal representation. This Court granted plaintiffs' motion and on January 5, 1995, Diane Warlick filed a notice of appearance as counsel for plaintiffs.

[2] An appurtenant easement is an incorporeal right in land which attaches to a superior right in land and runs with the land. BLACK'S LAW DICTIONARY 509 (6TH ED. 1990).

water from the Concordia Property. Paragraph eight (8) of the complaint indicates that on or about July 18, 1994, defendants removed the water meter which supplied free water to the Queen Street Property. Plaintiffs seek in this action a "preliminary and permanent judgment mandating defendants to restore the water meter and the accompanying water rights. . ." to the Queen Street Property, and "enjoining and restraining defendants from discontinuing the same."

## DISCUSSION

The Government moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Government alleges that plaintiffs' complaint fails to state a claim against the Government upon which relief can be granted. Plaintiffs and defendant Virgin Islands Water and Power Authority (hereinafter "WAPA") oppose the Government's motion to dismiss.

A Rule 12(b)(6) motion to dismiss does not address the merits of a claim, rather, it tests whether a claim has been adequately stated in the complaint. *Hans Lollik Corp. v. Government*, 17 V.I. 220, 230 (Terr. Ct. 1981). Therefore, a Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2) of the Fed. R. Civ. P., which merely requires a short and plain statement showing that the claimant is entitled to relief. *Hobson v. Government*, 20 V.I. 413, 416 (Terr. Ct. 1984)(citations omitted). When considering such a motion, a court must view all factual allegations in the complaint as true and the complaint must be liberally construed. *Francis v. Graham Miller (Caribbean) Ltd.*, 26 V.I. 184, 185 (Terr. Ct. 1991). A complaint may not be dismissed unless it appears to a certainty that plaintiffs can prove no set of facts that would entitle them to relief. *Hobson*, 20 V.I. at 416.

The central issue presented in the instant motion is whether the Government of the Virgin Islands has any obligation under the 1948 easement agreement, despite the transfer of the water distribution system from the Government to WAPA in 1988, to supply free water to the Queen Street Property. The Government argues that WAPA is totally autonomous and separate from the Government and therefore the Government is not responsible for any

5

action taken by WAPA with respect to the water supply system.[3] The Government notes that the primary goal of this action is to return the water meter and free water supply to the Queen Street Property and that the Government cannot provide such relief to plaintiffs.

The Legislature of the Virgin Islands created the Virgin Islands Water and Power Authority as "a corporation having legal existence and personality separate and apart from the Government." 30 V.I.C. § 103(b)(Supp. 1994). Although the Legislature established WAPA in 1964, it was not until January 1, 1988 that the water supply system was transferred from the Government to WAPA. At the time that WAPA was created in 1964, the Legislature provided in pertinent part that:

> All property, personnel, records, contracts, leases, rights, franchises and unexpended balances of appropriations and funds of the Commissioner of Public Works or the Department of Public Works, as the case may be, by virtue of the provisions of chapter 3 of this title, relating to Water Supply, are hereby transferred to the Authority, effective at such time as may be determined by statute.

V.I. CODE ANN. TIT. 30, § 104(e)(1975). Approximately twenty-three years after WAPA was created, the Legislature enacted legislation that effected the transfer of the water system. The Act transferring the water distribution system provides in pertinent part that:

> There is transferred from the Government of the Virgin Islands to the Virgin Islands Water and Power Authority all rights, title and interest to assets, rights-of-way, easements or other property appurtenant to the function of distributing potable water in the United States Virgin Islands, including the ground water system and those monies due and owing to the Government of the Virgin Islands prior to the effective date of this session.

Virgin Islands Session Laws, Act No. 5265, Section 1301(a) (June 24, 1987).

---

[3] The Government points out that the actions that are the basis for plaintiffs' complaint, occurred while the water supply system was under the sole control of WAPA.

WAPA objects to the dismissal of the Government from this action on the basis that many significant transactions affecting this case occurred while the public water system was under the ownership and control of the Government and WAPA alleges that the Government is a vital link to the facts of this case. WAPA also claims that if the Government was dismissed as a party, WAPA would have difficulty obtaining information for its defense.

Act number 5265 and 30 V.I.C. § 104(e) establish that WAPA's arguments against dismissal of the Government are without merit. These two provisions provided for the transfer of all property, records, contracts, leases, assets, easements, etc., from the Government to WAPA. WAPA puts forth the argument that if the Government was dismissed from this action, WAPA would have difficulty obtaining information pertaining to its defense. However, the very information that WAPA contends it would have difficulty obtaining, is the information that was transferred from the Government to WAPA pursuant to the above cited provisions. Additionally, if the Government has any information relating to plaintiffs' action, WAPA could receive this information through discovery. The Government does not have to remain as a party in this action for WAPA to obtain information from the Government through discovery.

WAPA's argument that the Government is a vital link to the facts of this case is equally unpersuasive. The mere fact that the Municipality of St. Croix entered into an easement agreement with the Moores and connected a water meter to the Queen Street Property is not a basis in and of itself for requiring the Government to remain in this action. After the transfer of the water supply system to WAPA, WAPA became completely responsible for the water system and independently liable for any lawsuit filed with reference to that system. *See* discussion *infra* about the termination of the Government's responsibilities with respect to the water system after the transfer to WAPA. The removal of the water meter and the discontinuance of free water from the Queen Street Property were done solely by WAPA. Therefore, the Government is not liable to plaintiffs for the actions taken by WAPA since WAPA is an independent and autonomous governmental entity.

Plaintiffs oppose the Government's motion to dismiss and argue that although WAPA took over control of the water supply system,

7

the Government remains jointly liable with WAPA for assuring performance under the 1948 easement agreement and for damages in the absence of performance. Plaintiffs argue that nothing in the language nor legislative history of the provisions transferring the water system indicates any intent to abrogate the Government's obligations under the 1948 easement agreement. According to plaintiffs, the transfer of the water supply system from the Government to WAPA did not relieve the Government of its contractual obligations to provide water to the Queen Street Property. Plaintiffs contend that they never released the Government from its obligations under the easement agreement and the Government did not have the power to release itself by transferring the obligations to another. Plaintiffs also argue that they would be highly prejudiced by the dismissal of the Government from this action because WAPA's assets are exempt from judicial process.[4]

 Plaintiffs contend that although the 1948 easement agreement was between the Moores and the Municipality of St. Croix, the Government is bound to the terms of the 1948 easement agreement as the successor in interest to the Municipality of St. Croix. Plaintiffs cite to RESTATEMENT (SECOND) OF CONTRACTS § 318 (1981),[5] which deals with the delegation of performance of duty, as support for their position that the Government is presently obligated to supply water to the Queen Street Property. This Court has carefully reviewed 30 V.I.C. § 104(e) and Act number 5265, the

---

[4] *See* 30 V.I.C. § 111 which exempts all property of WAPA, including funds, from levy and sale by virtue of an execution or other judicial process. Plaintiffs further contend that "Should WAPA have liability insurance would [sic] cover potential damages in this action, and should coverage be acknowledged in writing, then the propriety of dismissing the Government from this action would be on firmer ground."

[5] Section 318 of the Restatement (Second) of Contracts provides that:

(1) An obligor can properly delegate the performance of his duty to another unless the delegation is contrary to public policy or the terms of his promise.

(2) Unless otherwise agreed, a promise requires performance by a particular person only to the extent that the obligee has a substantial interest in having that person perform or control the acts promised.

(3) Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor.

provisions which effected the transfer of the water supply system from the Government to WAPA. The Legislature did not delegate the Government's obligations with respect to the water supply system to WAPA. Rather, the Legislature created WAPA as an independent and autonomous governmental instrumentality and *transferred* all assets, rights, and responsibilities relating to the water supply to WAPA. The transfer of the water system was so complete that act number 5265 even transferred any monies due and owing to the Government prior to the effective date date of the act to WAPA. The transfer of the water system terminated whatever responsibilities, if any, that the Government had to supply water to the Queen Street Property. After the transfer of the water supply system, WAPA became the only entity that plaintiffs could bring an action against for the alleged breach of the 1948 easement agreement.

■ Plaintiffs also argue that they would be highly prejudiced by the dismissal of the Government because WAPA's assets are exempt from judicial process. Although 30 V.I.C. § 111 exempts WAPA's property from judicial process, this provision does not preclude plaintiffs from pursuing this action against WAPA. Plaintiffs can obtain a judgment against WAPA and WAPA can use its assets to satisfy such a judgment. If plaintiffs were to recover a judgment against WAPA, this Court is convinced that WAPA would respect the findings of this Court and provide for satisfaction of such a judgment. Therefore, this Court does not find that plaintiffs would be prejudiced by the dismissal of the Government from this action.

### CONCLUSION

Although this Court has construed plaintiffs' complaint liberally and has viewed all factual allegations in the complaint as true, plaintiffs' action against the Government must be dismissed. The actions that plaintiff complain of in this lawsuit were taken solely by WAPA, an independent and autonomous governmental entity. The Legislature effected a complete transfer of the water supply system from the Government to WAPA. After the transfer of the water supply system from the Government to WAPA, WAPA

9

became the only entity that plaintiffs could file an action against for the alleged breach of the 1948 easement agreement. The transfer of the water supply system to WAPA terminated whatever obligation the Government had pursuant to the 1948 easement agreement. Accordingly, plaintiffs' cause of action against the Government of the Virgin Islands must be dismissed.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the Government of the Virgin Islands' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.